UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>         Plaintiff,<br><br>    v.<br><br>RORZE CORPORATION, et al.,<br><br>         Defendants. | Case No.  5:22-cv-04947-EJD<br><br>**ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION AND AMENDING JUNE 15, 2023 ORDER**<br><br>Re: ECF Nos. 81, 87, 92 |

Presently before the Court is Plaintiff Kawasaki Jukogyo Kabushiki Kaisha's ("Plaintiff") Motion for Partial Reconsideration ("Motion") of the Court's June 15, 2023 Order ("6/15/23 Order") granting in part and denying in part Defendants Rorze Corporation and Rorze Automation, Inc.'s (collectively, "Defendants") motion to dismiss. Specifically, Plaintiff seeks reconsideration of the dismissals of its willful infringement claims, claiming that the Court had applied a legal standard that the Federal Circuit had clarified and rejected in *SRI International, Inc. v. Cisco Sys., Inc.* ("*SRI*"), 14 F.4th 1323 (Fed. Cir. 2021).

The Court granted Plaintiff leave to file a motion for partial reconsideration, which has now been fully briefed. Based on the parties' arguments, the Court GRANTS Plaintiff's Motion for Partial Reconsideration of the 6/15/23 Order. The Court AMENDS the 6/15/23 Order to VACATE Section III(D) and GRANT IN PART and DENY IN PART Defendants' motion to dismiss as to the FAC's claims for willful infringement.

**I.    BACKGROUND**

Plaintiff brings five patent infringement claims against Defendants arising from five

Case No.: 5:22-cv-04947-EJD
ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION
1

Reissue Patents titled "Wafer Transfer Apparatus and Substrate Transfer Apparatus." First Am. Compl. ("FAC") ¶¶ 1, 17–22, ECF No. 42. Because the Court had previously summarized the facts and procedural history of this case in the 6/15/23 Order, it only provides here the facts pertinent to Plaintiff's Motion for Partial Reconsideration, namely willful infringement.

The FAC alleges that, prior to bringing this suit in August 2022, Plaintiff had corresponded with Defendants on multiple occasions regarding whether Defendants' products infringed the patents-in-suit. FAC ¶ 112. With respect to each patent-in-suit, the FAC alleges the following:

- First Claim, U.S. Reissue Patent No. RE47,909 ("RE909"): On February 18, 2019, Defendants were notified that there was a pending patent application for RE909. FAC ¶ 114; FAC, Ex. J. On December 8, 2021, Defendants were notified that RE909 had been registered and that their "Purge Wafer Stocker" product may fall within RE909's scope. FAC ¶¶ 114–15; FAC, Ex. H. Defendants offered and sold products that allegedly infringed this patent after July 2019. FAC ¶ 114.

- Second Claim, U.S. Reissue Patent No. RE46,465 ("RE465"): On at least February 18, 2019, Defendants were notified of Plaintiff's acquisition of RE465 and received the patent bulletin for RE465. FAC ¶ 114; FAC, Ex. J. In July 2019, Defendant responded to Plaintiff, claiming non-infringement. FAC ¶ 114. Defendants continued to offer and sell products that allegedly infringed this patent after July 2019. *Id.*

- Third Claim, U.S. Reissue Patent No. RE48,031 ("RE031"): On February 18, 2019, Defendants were notified that there was a pending patent application for RE031. FAC ¶ 114; FAC, Ex. J. On December 8, 2021, Defendants were notified that RE031 had been registered and that their "Purge Wafer Stocker" product may fall within RE031's scope. FAC ¶ 114; FAC, Ex. H. Defendants offered and sold products that allegedly infringed this patent after July 2019. FAC ¶ 114.

- Fourth Claim, U.S. Reissue Patent No. RE45,772 ("RE772"): On at least June 14, 2017, Defendants were notified of RE772 and that their Purge Wafer Stocker may fall within RE772's scope. FAC ¶ 113; FAC, Ex. I. In August 2017, Defendant responded

Case No.: 5:22-cv-04947-EJD
ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION
2

to Plaintiff, claiming non-infringement.  FAC ¶ 113.  Defendants continued to offer and sell products that allegedly infringed RE772 even after June 2017.  *Id.*

- <u>Fifth Claim, U.S. Reissue Patent No. RE47,145 ("RE145")</u>: On at least February 18, 2019, Defendants were notified of Plaintiff's acquisition of RE145 and received the patent bulletin for RE145.  FAC ¶ 114; FAC, Ex. J.  In July 2019, Defendant responded to Plaintiff, claiming non-infringement.  FAC ¶ 114.  Defendants continued to offer and sell products that allegedly infringed this patent after July 2019.  *Id.*

On June 15, 2023, the Court granted in part and denied in part Defendants' partial motion to dismiss.  6/15/23 Order, ECF No. 83.  The Court found that the FAC had sufficiently alleged Defendants' direct and induced infringement of all five patents-in-suit as to their "stocker" products.  *Id.* at 4–9.  However, the Court dismissed the FAC's claims for contributory and willful infringement with leave to amend.  *Id.* at 9–12.

Shortly thereafter, Plaintiff requested leave to file a motion for partial reconsideration as to the Court's willfulness determination only (ECF No. 84), which the Court subsequently granted (ECF No. 85).  On August 1, 2023, the Motion for Partial Reconsideration was fully briefed, and the Court took the matter under submission.

## II.     DISCUSSION

The Court now reconsiders its 6/15/23 Order granting Defendants' motion to dismiss the FAC's willful infringement claims under Rule 12(b)(6).  The Court previously dismissed the willful infringement claims because the FAC failed to allege that Defendant "engaged in egregious conduct by acting in a subjectively 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, or flagrant' manner."  6/15/23 Order 11–12 (internal brackets omitted) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016)).

Both parties—and the Court—agree that allegations of egregious conduct are not required to state a claim for willful infringement, thereby warranting the instant motion for partial reconsideration.  *See* Defs.' Response Mot. Partial Reconsideration ("Opp.") 3, ECF No. 90; *see generally* Mot. 3–5.  However, the parties disagree as to whether the FAC's current allegations

plausibly state a claim for willful infringement under *SRI*'s "deliberate or intentional" standard.

## A. Legal Standard

As applied in the 6/15/23 Order, Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566–57 (2007). At the motion to dismiss stage, the Court must read and construe the complaint in the light most favorable to the non-moving party, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party. *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 690 (9th Cir. 2011); *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

## B. Willful Infringement

### 1. Conclusions of Law

In *SRI*, the Federal Circuit clarified that, although "egregious" conduct was necessary for an award of enhanced damages, a finding of willfulness requires "no more than **deliberate or intentional** infringement." 14 F.4th at 1329–30 (emphasis added) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). The Federal Circuit has often stated that "[t]o establish willfulness, a patentee must show that the accused infringer had a **specific intent** to infringe at the time of the challenged conduct." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247, 1274 (Fed. Cir. 2022) (emphasis added) (quoting *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021)). Additionally, "specific intent may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008). The Federal Circuit has also remarked—albeit in the context of enhanced damages—that a finding of "subjective willfulness" can be supported by evidence that a defendant **recklessly** disregarded a patentee's rights or acted despite a **known or obvious risk** of infringement. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1296 (Fed. Cir. 2023) (noting that there was "substantial evidence to

support a finding that [defendant] 'recklessly' disregarded [plaintiff's] patent rights and, **therefore, willfully infringed**") (emphasis added); *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (reaffirming that "subjective willfulness" is evidenced by "proof that the defendant acted despite a **risk of infringement** that was 'either known or so obvious that it should have been known to the accused infringer'").

On reconsideration, the Court finds that the FAC has alleged facts that may give rise to an inference that Defendants' allegedly infringing conduct was "deliberate or intentional." The FAC alleges and exhibits the various letters by which Plaintiff provided Defendants with notice of the patents-in-suit. FAC ¶¶ 113–13; FAC, Exs. H, I, J. And in addition to pleading Defendants' knowledge of the patents, the FAC also alleges that Defendants subsequently responded to Plaintiff's letters with substantive arguments as to why their products did *not* infringe the patents-at-suit. FAC ¶¶ 113–14 ("[Defendant] represented to [Plaintiff] in August 2017 that its sole reason for purported noninfringement by the Accused Product is that its FOUP side door and opener side door do not move in the forward and backward directions.").

Although these responses do not conclusively establish Defendants' specific intent to infringe, they do permit inferences that Defendants had understood Plaintiff's letters to be alleging patent infringement and had seriously reviewed the patents-in-suit, as well as the technology practiced by its own products, for possible infringement. These inferences, in turn, substantiate Plaintiff's contentions that—after Defendants had reviewed the patents-in-suit and analyzed the technology practiced by their own products—any subsequent and allegedly infringing actions must have been taken deliberately and intentionally with respect to Plaintiff's patent rights. Even though "knowledge of the asserted patent and evidence of infringement [are] not sufficient[] for a finding of willfulness," *BASF*, 28 F.4th at 1275, Defendants' subsequent responses to Plaintiff's infringement letters supply the additional facts to infer that Defendants had knowledge of more than just the patents-in-suit; they had knowledge of a risk of *infringement*. *See Ricoh*, 550 F.3d at 1342 ("[S]pecific intent may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement."); *accord*

*Robocast, Inc. v. YouTube, LLC*, 2022 WL 16922035, at *4 (D. Del. Nov. 14, 2022) (distinguishing knowledge of an *asserted patent* from knowledge of *infringement*). On a motion to dismiss, these allegations are sufficient for the Court to infer willfulness.

    The Court will also note that, after the Federal Circuit's *SRI* decision, district courts have frequently found allegations of defendants' pre-suit knowledge of the asserted patents and continued infringement to be sufficient by themselves to state a claim for willful infringement. *See, e.g.*, *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 2023 WL 2756494, at *10 (S.D. Cal. Mar. 30, 2023) (denying motion to dismiss willful infringement claims where "Defendants had pre-suit notice of the asserted patents"); *Akamai Techs., Inc. v. MediaPointe, Inc.*, 2023 WL 4155394, at *2 (C.D. Cal. Jan. 4, 2023) (finding willfulness claim sufficient pled where, after being "provided notice of alleged infringement of the [asserted] Patent, [accused infringer] continued and 'continues to directly infringe' by, e.g., continuing to sell 'its [alleged infringing product]'"); *Microsoft Corp. v. MediaPointe, Inc.*, 2022 WL 19263332, at *2 (C.D. Cal. Dec. 15, 2022) (finding willfulness claim sufficiently pled where "despite the notice it was infringing upon the [asserted] Patent, [accused infringer] continued and 'continues to operate, use, and sell, access to its [allegedly infringing product]"); *SpaceTime3D, Inc. v. Apple Inc.*, 2022 WL 16858515, at *2 (W.D. Tex. Nov. 10, 2022) (finding that "the filing of the Complaint establishes the notice required for a plausible inference of willfulness"); *Jackson v. Seaspine Holdings Corp.*, 2022 WL 610703, at *7 (D. Del. Feb. 14, 2022) (denying motion to dismiss willful infringement claim where plaintiff "has sufficiently pled knowledge of the patent and knowledge of the risk of infringement"); *LiTL LLC v. Lenovo (United States), Inc.*, 2022 WL 610739, at *10 (D. Del. Jan. 21, 2022) ("[Plaintiff] has plausibly alleged that [defendant] had pre-suit knowledge of the existence of the [asserted]patent. At the motion to dismiss stage, that is sufficient to support a claim of willful infringement."). Here, the Court's conclusion is supported by allegations of both Defendants' knowledge of the patents-in-suit and their subsequent responses suggesting a conscious appreciation of the infringement risk and investigation into those claims.

### 2. Defendants' Arguments

Defendants' arguments to the contrary are largely unavailing. They first attempt to characterize the FAC's exhibited infringement letters as "straightforward business discussions regarding [Plaintiff's] patents." Opp. 5. This characterization, however, is belied by the language of the letters themselves, unambiguously expressing Plaintiff's belief that Defendants' Purge Wafer Stocker "N2-BWS 1600" used technology covered by the patents-in-suit. FAC, Exs. H, I. And to the extent Defendants take issue with the fact that these letters did not specify which patent claims were allegedly being infringed (Opp. 5), the lack of a claims chart or specific claims identified in these letters did not prevent Defendants from substantively responding with their own reasons for why their products did not infringe. FAC ¶¶ 113–14.

Defendants also contend that the FAC allegations support an inference of Defendants' subjective good faith belief that it was not infringing, because Defendants had provided an explanation for why its products did not infringe. Opp. 5–7. Putting aside the invitation for the Court to impermissibly draw inferences in the moving party's favor, Defendants do not provide any support for the suggestion that an accused infringer's recitation of innocence can preclude a patentee from bringing a claim for willful infringement. Even so, such a recitation would not entirely rebut or be inconsistent with a finding that Defendants had nonetheless *disregarded* a known or obvious *risk* of infringement, which is sufficient for subjective willfulness. *See Ironburg*, 64 F.4th at 1296 (noting that there was "substantial evidence to support a finding that [defendant] 'recklessly' disregarded [plaintiff's] patent rights and, therefore, willfully infringed"); *Arctic Cat*, 876 F.3d at 1371 (reaffirming that "subjective willfulness" is evidenced by "proof that the defendant acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer'").

Finally, to the extent that Defendants reject the FAC's allegations as "unwarranted legal inference on infringement" (Opp. 7), the Court clarifies that its conclusion here does not rest on the allegations that Defendants' "noninfringement argument lacked merit" (FAC ¶¶ 113–14). Instead, the Court draws its inferences from the *undisputed* allegation that Defendants had

Case No.: 5:22-cv-04947-EJD
ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION
7

responded to Plaintiff's infringement letters with substantive arguments of non-infringement. Specifically, the Court infers from these responses that Defendants had substantively reviewed the patents-in-suit, evaluated its own technology, and reached a conclusion on infringement. These inferences are sufficient at the motion to dismiss stage to plead the deliberateness and intentionality of Defendants' subsequent conduct as to Plaintiff's patent rights.

### 3. Application to FAC Allegations

Given the Court's determinations above, the Court finds that the FAC has sufficiently alleged Defendants' willfulness as to certain time periods and as to certain patents-in-suit.

The Court finds that Defendants' willfulness has been alleged as to RE772, RE465, and RE145 (the Second, Fourth, and Fifth Claims), because Plaintiff had sent letters notifying Defendants of these patents and potential infringement, and Defendants had responded, thereby giving rise to an inference that Defendants had seriously reviewed Plaintiff's infringement assertions. FAC ¶¶ 113–14; FAC Exs. I, J. For all the reasons stated above in this Order, the Court finds that the FAC has alleged Defendants' willfulness for infringing conduct taken after August 2017 with respect to RE772 and after July 2019 with respect to RE465 and RE145.

However, the Court finds that the FAC has failed to allege sufficient facts for the Court to infer Defendants' willfulness as to RE909 and RE031. The FAC alleges that Plaintiff notified Defendants of these patents' *pending applications* in February 2019 (FAC ¶ 114; FAC, Ex. J); however, the knowledge of pending patent applications alone is insufficient for the Court to infer Defendant's willfulness as to infringement after the patents were issued. Plaintiff's December 2021 letter (FAC, Ex. H) provided Defendants with notice that the RE909 and RE031 applications were approved and subsequently registered; however, the FAC does not allege that Defendants responded to the December 2021 letter in the same way that they had responded in August 2017 or July 2019. FAC ¶ 114. Nor would Defendants' July 2019 response support an inference that they had also conducted a similar investigation in December 2021. Because "[k]nowledge of the asserted patent and evidence of infringement . . . is necessary, *but not sufficient*, for a finding of willfulness," *BASF*, 28 F.4th at 1275 (emphasis added), the Court cannot infer Defendants'

Case No.: 5:22-cv-04947-EJD
ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION
8

willfulness as to RE909 and RE031 based solely on allegations of Defendants' knowledge of RE909 and RE031 after they were registered. That said, the Court also cannot conclude that further factual amendments would be futile, as these deficiencies could conceivably be cured in accordance with the Court's guidance in this Order. Accordingly, the Court will permit Plaintiff leave to amend the allegations as to Defendants' willful infringement of RE909 and RE031.

### III.   CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Partial Reconsideration of the 6/15/23 Order, as follows:

1. Section III(D) of the 6/15/23 Order and its corresponding holdings are VACATED.
2. On reconsideration, Defendants' motion to dismiss the FAC's willful infringement claims is DENIED with respect to RE772 for conduct after August 2017.
3. On reconsideration, Defendants' motion to dismiss the FAC's willful infringement claims is DENIED with respect to RE465 and RE145 for conduct after July 2019.
4. On reconsideration, Defendants' motion to dismiss the FAC's willful infringement claims is GRANTED with respect to RE909 and RE031. The FAC's willful infringement claims as to these patents are DISMISSED with LEAVE TO AMEND.

Any amended complaint SHALL be filed no later than twenty-one (21) days after the date of this Order. A further case management conference SHALL be scheduled for 10:00 am on October 5, 2023, and a joint case management conference SHALL be filed no later than September 25, 2023. The Administrative Motions to Designate Additional Claim Terms (ECF No. 81) and to Schedule a Claim Construction Hearing (ECF No. 92) are DENIED WITHOUT PREJUDICE to further discussion at the October 5 conference.

**IT IS SO ORDERED.**

Dated: August 14, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-04947-EJD
ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION
9