UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>Plaintiff,<br><br>v.<br><br>RORZE CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-04947-PCP<br><br>**SEALING ORDER**<br>Re: Dkt. Nos. 97, 104 |

Before the Court is Defendants' motion to consider whether Kawasaki material included in their Amended Answer and Counterclaims should be sealed. Kawasaki supports sealing a subset of this material. For the reasons that follow, the motion is granted as to Kawasaki's proposed redactions. The motion to seal the prior version of the answer and counterclaims is granted in full.

**I.      Legal Standard**

There is a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party who wishes to seal a court record "must articulate compelling reasons supported by specific factual findings … that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up). Sealing may be justified when "court files … become a vehicle for improper purposes, such as … to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

Although the "compelling reasons" standard presumptively applies to requests to seal, a lower "good cause" standard applies to discovery material included with motions that are only "tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d. at 1099. This is the same standard that governs protective orders under Federal Rule of Civil Procedure 26(c). Pleadings like complaints, however, are clearly closely connected to the underlying cause of action, and the compelling reasons standard therefore applies to requests to seal any accompanying materials. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (collecting cases).

Here, because the materials at issue are filed with Rorze's Answer and Counterclaims—pleadings closely tied to the underlying cause of action—the compelling reasons standard applies. The Court evaluates the parties' sealing requests accordingly.

## II. Application

### A. Amended Answer and Counterclaims.

Paragraphs 62 and 111–13 of the Amended Answer and Counterclaims cite or quote discovery material that Kawasaki has designated as confidential pursuant to the parties' stipulated protective order. Kawasaki agrees and has submitted redactions it says are narrowly tailored. Kawasaki claims that the portions proposed to be sealed contain non-public customer information, design proposals, and manufacturing specifications, as well as characterizations of material included in Exhibits 23 and 24 (discussed below).

Upon review, the Court is satisfied that the material Kawasaki has identified is sealable under the compelling reasons standard. The motion to seal is granted as to Kawasaki's proposed redactions of the Amended Answer and Counterclaims (Dkt. No. 108-3), as well as the proposed corresponding redactions of the redline version of this document (Dkt. No. 108-4).

### B. Exhibit 23

Kawasaki argues the material proposed to be sealed in Exhibit 23 includes a non-public customer proposal; manufacturing specifications and changes; and non-public project names. Upon review, the Court is similarly satisfied that this material is sealable. The motion to seal is granted as to Kawasaki's proposed redactions of Exhibit 23 (Dkt. No. 108-1).

### C.    Exhibit 24

Finally, Kawasaki argues that portions of Exhibit 24 include similar types of non-public information as is included in Exhibit 23. The motion to seal is granted as to Kawasaki's proposed redactions for this exhibit as well (Dkt. No. 108-2).

### D.    Other documents

Before filling the Amended Answer and Counterclaims, Rorze filed an earlier version, Dkt. No. 98, and had moved for consideration of whether Kawasaki material in that document and its exhibits should be sealed, Dkt. No. 97. The material proposed to be sealed is nearly identical to that in the corresponding documents in the amended filing. Because the public interest in access will be fully satisfied by the public filing of the more narrowly redacted versions of the amended filings, the motion to seal the original filings is granted in full. The more extensively redacted filings included with the original Answer and Counterclaims may remain as currently filed.

## III.   Conclusion

Defendants' first sealing motion is granted in full. The second sealing motion is granted to the extent of the narrower redactions proposed by Kawasaki. The parties shall, within 14 days of the entry of this order, file the documents identified above redacted in accordance with this order on the public docket for this case.

**IT IS SO ORDERED.**

Dated: October 25, 2023

P. Casey Pitts
United States District Judge