THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
MOLLY A. JONES (SBN 301419)
mojones@crowell.com
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

JAMES R. SOBIERAJ (*pro hac vice*)
jsobieraj@crowell.com
ROBERT S. MALLIN (*pro hac vice*)
rmallin@crowell.com
TADASHI HORIE (*pro hac vice*)
thorie@crowell.com
ERIC MOSS (*pro hac vice*)
emoss@crowell.com
**CROWELL & MORING LLP**
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, IL 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Plaintiff
KAWASAKI JUKOGYO KABUSHIKI KAISHA.

SAUNDRA K. WOOTTON (SBN 224674)
saundra.wootton@kutakrock.com
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, California 90017
Telephone: (213) 312-4000
Facsimile: (213) 312-4001

JOHN P. PASSARELLI (*pro hac vice*)
john.passarelli@kutakrock.com
JAMES M. SULENTIC (*pro hac vice*)
james.sulentic@kutakrock.com
CAROL A. SVOLOS (*pro hac vice*)
carol.svolos@kutakrock.com
JONATHAN I. BAKER (*pro hac vice*)
jonathan.baker@kutakrock.com
**KUTAK ROCK LLP**
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

(Additional Counsel Listed on Signature Page)

Attorneys for Defendants
RORZE CORPORATION and RORZE AUTOMATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>Plaintiff,<br><br>v.<br><br>RORZE CORPORATION AND RORZE AUTOMATION, INC.,<br><br>Defendants. | Case No. 5:22-cv-04947-PCP (SVK)<br><br>**JOINT STATEMENT REGARDING NARROWING OF THE ISSUES** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

JOINT STATEMENT REGARDING
NARROWING OF THE ISSUES;
CASE NO. 5:22-CV-04947-PCP (SVK)

Pursuant to this Court's Order dated October 26, 2023 (ECF 111), Plaintiff Kawasaki Jukogyo Kabushiki Kaisha ("Plaintiff" or "Kawasaki") and Defendants Rorze Corporation and Rorze Automation, Inc (collectively, "Defendants" or "Rorze") submit this Joint Statement on case narrowing.  The Parties met and conferred on November 15, 2023, but while progress was made, an agreement was not reached.

## I. KAWASAKI'S NARROWING PROPOSAL

### A. Background and Current Asserted Claim and Invalidity Defense Status

Kawasaki filed this case against Rorze on August 30, 2022, for infringement of Kawasaki's U.S. Reissue Patent Nos. RE47,909, RE46,465, RE48,031, RE45,772 and RE47,145 (the "Asserted Patents").

Pursuant to Patent Local Rule 3-1, Kawasaki served its Patent Infringement Contentions on February 2, 2023.  Kawasaki identified 51 infringed patent claims from the five Asserted Patents in the Patent Infringement Contentions.  The chart below sets forth the total number of asserted claims and the specific asserted claims for each of the Asserted Patents.

| Patent | Total Number of Asserted Claims | Asserted Claims |
|---|---|---|
| RE47,909 | 14 | 15-18, 20, 22-25, 27, and 29-32 |
| RE46,465 | 8 | 15, 19-22, and 24-26 |
| RE48,031 | 11 | 15-17, 20-21, 29-31, 34-35, and 43 |
| RE45,772 | 10 | 1-4, 6, 8-11, and 13 |
| RE47,145 | 8 | 15-16 and 25-30 |

Pursuant to Patent Local Rule 3-3, Rorze served its Invalidity Contentions served on March 20, 2023.  Rorze's Invalidity Contentions include 3 to 6 anticipatory references per patent and 31 to 36 obviousness combinations per patent that are based on 11 different alleged prior art references.  See ECF 105, Ex. 5 at pp. 9-63 (Rorze's Invalidity Contentions identifying it anticipatory references and prior art combinations).  The chart below shows for each Asserted Patent: (1) the number of anticipatory references pursuant to 35 U.S.C. § 102 and (2) the number of obviousness combinations asserted pursuant to 35 U.S.C. § 103.

| Patent | Number of Anticipation References pursuant to 35 U.S.C. § 102 | Number of Obviousness Combinations pursuant to 35 U.S.C. § 103 |
|---|---|---|
| RE47,909 | 3 | 31 |
| RE46,465 | 6 | 33 |
| RE48,031 | 4 | 31 |
| RE45,772 | 4 | 36 |
| RE47,145 | 3 | 34 |

Additionally, Rorze's Invalidity Contentions identify 30 lack of written description invalidity grounds pursuant to 35 U.S.C. § 112, ¶ 1, 30 lack of enablement invalidity grounds pursuant to 35 U.S.C. § 112, ¶ 1, and 24 indefiniteness invalidity grounds pursuant to 35 U.S.C. § 112, ¶ 2. ECF 105, Ex. 5 at pp. 104-108 (Rorze's Invalidity Contentions listing the claim terms that lack written description support, are not enabled or are indefinite).

**B.     Kawasaki's Proposal**

Kawasaki submits that the Parties should narrow the number of asserted patent claims and invalidity defenses to a manageable number as this case proceeds toward trial. Kawasaki's proposed narrowing set forth below is modeled after the narrowing procedure for asserted claims and prior art defenses adopted in *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, ECF 98 (N.D. Cal. Nov. 14, 2014) (Ex. 1, attached hereto), and the guidance for narrowing a large number of § 112 defenses adopted in *Natera, Inc. v. CareDx, Inc.*, No. 1-20-cv-00038, ECF 208 (D. Del. Apr. 28, 2023) (Ex. 2, attached hereto). Kawasaki proposes the following narrowing procedure:

1. Not later than 10 days after the Court issues its claim construction order, Kawasaki shall serve a Preliminary Election of Asserted Claims, which shall identify from the subset of claims previously identified in its Infringement Contentions no more than an average[1] of five claims per patent or no more than 25 claims total across all Asserted Patents.

---

[1] For clarity, any reference to a total number of claims means that Kawasaki is able to select any number of claims from any Asserted Patent as long as the total number of claims does not exceed the total. For example, for the preliminary reduction in claims, Kawasaki may select 6 claims from one patent, 4 claims from another patent, and 5 claims from each of the remaining three patents for a total of 25 claims. *See* Ex. 1 at 3 n.1.

2. Not later than 10 days after Kawasaki serves its Preliminary Election of Asserted Claims, Rorze shall serve a Preliminary Election of Asserted Prior Art, which shall identify from the subset of references previously identified in its Invalidity Contentions, no more than four anticipatory references and three obviousness combinations[2] per Asserted Patent, no more than 5 total written description grounds, no more than 5 total enablement grounds, and no more than 5 total indefiniteness grounds.

3. Not later than 14 days before opening expert reports, Kawasaki shall serve a Final Election of Asserted Claims, which shall identify the claims it will present at trial from the subset of claims previously identified, and which shall be no more than an average of three claims per patent, or 15 total claims across all Asserted Patents.

4. Not later than 7 days after Kawasaki serves its Final Election of Asserted Claims, Rorze shall serve a Final Election of Asserted Prior Art, which shall identify from the subset of references previously identified, no more than two anticipatory references and one obviousness combination per Asserted Patent (or, in the alternative, no more than one anticipatory reference and two obviousness combinations per Asserted Patent), no more than 3 total written description grounds, no more than 3 total enablement grounds, and no more than 3 total indefiniteness grounds.

5. The Parties will meet and confer during preparation of the pretrial order to see if further narrowing can be accomplished.

In *Finjan*, there were 8 patents asserted, whereas there are 5 Asserted Patents in this case. Thus, the number of asserted claims for each election and the number of anticipatory references and obvious combinations have been adjusted accordingly. Kawasaki's proposal also includes narrowing for Rorze's current 84 invalidity grounds pursuant 35 U.S.C. § 112, ¶¶ 1 and 2. This proposal is based on *Natera*, where the court rejected the defendant's request to remove any limit on § 112 defenses from a narrowing procedure because the defendant (like Rorze) asserts a large

---

[2] For clarity, an obviousness combination refers to a theory of invalidity and may contain additional references to support that theory. For example, an obviousness combination may be supported by a patent and two publications. Ex. 1 at 3 n.2; *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015) (explaining that an obvious combination based on references A + B is different from an obviousness combination based on references A + B + C +D).

number of § 112 defenses. While § 112 defenses were not mentioned in *Finjan*, narrowing of § 112 defenses here is consistent with *Finjan*'s "goal of narrowing the issues before trial to a manageable number" and to "advance the Patent Local Rules' purpose of increasing efficiency and streamlining the litigation process." *Finjan*, 2015 WL 9460295, at *2.

### C. Rorze's Narrowing Proposal for Invalidity Defenses is Not Meaningful

Rorze's proposal adopts *Finjan*'s proportional narrowing for the asserted claims, but not for the number of invalidity defenses. Rorze's proposal allows Rorze far more invalidity defenses at the first and second narrowing than the defendant was allowed in *Finjan*. The table below shows how Kawasaki's proposal is consistent with the narrowing procedure in *Finjan*, while Rorze's is not.

| Narrowing Event | Finjan Narrowing for 8 Patents | Proportional Narrowing for 5 Patents based on Finjan | Kawasaki's Proposal | Rorze's Proposal |
|---|---|---|---|---|
| Claim Narrowing after claim construction order | 40 | 25 | 25 | 25 |
| Claim Narrowing before expert reports | 24 | 15 | 15 | 15 |
| Invalidity Narrowing after claim construction order | **6** anticipatory references and **4** obviousness combinations per patent | **4** anticipatory references and **3** obviousness combinations per patent | **4** anticipatory references and **3** obviousness combinations per patent | a combined total of **15** anticipation and obviousness assertions |
| Invalidity Narrowing before expert reports | **3** anticipatory references and **1** obvious combination or **2** anticipatory references and **2** obviousness combinations per patent | **2** anticipatory references and **1** obvious combination or **1** anticipatory reference and **2** obviousness combinations per patent | **2** anticipatory references and **1** obvious combination or **1** anticipatory reference and **2** obviousness combinations per patent | a combined total of **9** anticipation and obviousness assertions |

Rorze provides no cogent explanation for why its proposal includes more invalidity grounds than what the Court allowed in *Finjan*, especially here where Rorze has an excessive number of invalidity grounds to choose from for each Asserted Patent. Instead, Rorze argues that

Kawasaki's proposal goes beyond the narrowing in *Finjan*. But as explained and shown above, Kawasaki's proposal is exactly consistent with *Finjan*. Rorze's proposal for invalidity defenses, which far exceeds what the Court allowed in Finjan, does not provide a meaningful narrowing of defenses. Significantly, when the defendant attempted to depart from the narrowing procedure in *Finjan*, the Court rejected the defendant's arguments and reasons for departure and noted that the limits "advance[d] the scheduling order's goal of narrowing the issues before trial to a manageable number of specific obviousness combinations of which both parties have explicit notice." *Finjan*, 2015 WL 9460295, at *2. The Court also stated that the narrowing procedure "advance the Patent Local Rules' purpose of increasing efficiency and streamlining the litigation process." *Id.* The same applies here.

Rorze also departs from *Finjan* by not allocating between anticipatory references and obviousness combinations because it argues that the outcome of claim construction might affect how it allocates anticipation and obviousness defenses. Rorze's argument ignores that its Invalidity Contentions include 3 to 6 anticipatory references per patent and 31 to 36 obviousness combinations per patent. *See* ECF 105, Ex. 5 at pp. 9-63 (Rorze's Invalidity Contentions identifying it anticipatory references and prior art combinations). Rorze provides no explanation as to how claim construction could somehow "effectively operate to limit Rorze's total prior art defenses" in view of the very large number of defenses it has included in its Invalidity Contentions.

Rorze's proposal also seeks to preserve all of its § 112 defenses—84 in total. Rorze attempts to exclude them because § 112 defenses were not included in *Finjan*. However, not requiring Rorze to narrow its § 112 defenses would run counter to goal of narrowing the issues before trial to a manageable number" and to "advance the Patent Local Rules' purpose of increasing efficiency and streamlining the litigation process." *Finjan*, 2015 WL 9460295, at *2. Even Rorze recognizes that proceeding in this case with 84 defenses based on lack of written description, lack of enablement, and indefiniteness under 35 USC § 112, ¶¶ 1-2 is not reasonable as it proposes an alternative narrowing for its § 112 defenses. However, Rorze's alternative narrowing is not meaningful and will not streamline what the Court and the Parties will be

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

JOINT STATEMENT REGARDING
NARROWING OF THE ISSUES;
CASE NO. 5:22-CV-04947-PCP (SVK)

required to do with all those defenses. *See Finjan*, 2015 WL 9460295, at *2 (rejecting defendants attempt to change the narrowing limits because it would serve "[n]o purpose other than obfuscation").

The Court has broad discretion to limit the scope of trial in a patent case in order to keep a case manageable for the jury. *Id.* at *2. Accordingly, Kawasaki requests that the Court adopt its proposed narrowing procedure that is consistent with *Finjan* and *Natera*, will narrow the issues before trial to a manageable number, and will advance the Patent Local Rules' purpose of increasing efficiency and streamlining the litigation process.

## II.   RORZE'S NARROWING PROPOSAL

### A.   BACKGROUND

Kawasaki based its previous narrowing proposal on the narrowing order in *Ethicon LLC et al. v. Intuitive Surgery, Inc*. et al, Civil Action No. 17-871-LPS-CJB (Dkt. No. 68) that Kawasaki cited in the parties' Case Management Statement (ECF 110, p. 10 and Ex. C). When Rorze learned earlier today that Kawasaki instead planned to submit a narrowing proposal based upon the order in *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG, ECF 98 (N.D. Cal. Nov. 14, 2014), Rorze modified its proposal to use a similar framework to that used in *Finjan* for purposes of narrowing and simplifying the parties' differences.

### B.   RORZE'S NARROWING PROPOSAL

Rorze's proposed narrowing procedure is as follows:

1. Not later than 10 days after the Court issues its claim construction order, Kawasaki shall serve a Preliminary Election of Asserted Claims, which shall identify from the subset of claims previously identified in its Infringement Contentions no more than an average (see Fn.1 in attached order) of five claims per patent or no more than 25 claims total across all Asserted Patents.

2. Not later than 10 days after Kawasaki serves its Preliminary Election of Asserted Claims, Rorze shall serve a Preliminary Election of Asserted Prior Art, which shall identify from the subset of references previously identified in its Invalidity Contentions no more than a combined total of 15 anticipation and obviousness assertions (each obviousness assertion based on a

combination of references shall constitute one assertion, and each single-reference obviousness assertion shall constitute one assertion) per Asserted Patent.

3. Not later than 14 days before opening expert reports, Kawasaki shall serve a Final Election of Asserted Claims, which shall identify the claims it will present at trial from the subset of claims previously identified, and which shall be no more than an average of three claims per patent, or 15 total claims across all Asserted Patents.

4. Not later than 7 days after Kawasaki serves its Final Election of Asserted Claims, Rorze shall serve a Final Election of Asserted Prior Art, which shall identify from the subset of references previously identified, no more than a combined total of 9 anticipation and obviousness assertions (each obviousness assertion based on a combination of references shall constitute one assertion, and each single-reference obviousness assertion shall constitute one assertion) per Asserted Patent.

5. The parties will meet and confer during preparation of the pretrial order to see if further narrowing can be accomplished.

## C. RORZE'S NARROWING PROPOSAL IS MEANINGFUL BUT NOT UNDULY RESTRICTIVE

The parties' proposals are similar, but Kawasaki proposes narrowing Rorze's prior art invalidity defenses beyond what the court provided in *Finjan* and beyond what is necessary for this case. Rorze's procedure still requires Rorze to significantly narrow its defenses, but in a way that is less aggressive than what Kawasaki proposes, and which would provide Rorze reasonable flexibility going into expert reports. Kawasaki contends that its proposal is proportional to the approach used in *Finjan* based on the involvement of more patents in that case. But each patent case depends upon unique facts—most particularly, the unique characteristics of each asserted patent. The five Asserted Patents in this case involve exceedingly lengthy claims with numerous components/limitations, and Kawasaki is asserting each claim against numerous different categories of Rorze products. Kawasaki's proposal to limit Rorze to **_three_** prior art invalidity arguments per patent for its final invalidity contentions is unduly restrictive and simply not reasonable.

The other difference in Rorze's proposal for prior-art defenses is that Rorze does not allocate between anticipation and obviousness grounds. Depending on the Court's ruling on claim construction, Rorze's prior-art defenses might primarily be based on obviousness grounds rather than single-reference anticipation. Kawasaki's breakdown of Rorze's invalidity positions provided above demonstrates that Rorze's invalidity arguments are predominantly tilted toward obviousness rather than anticipation. Thus, a narrowing procedure that would limit grounds to anticipation defenses does not make sense for this case at this stage, and would effectively operate to limit Rorze's total prior art defenses. Candidly, Rorze does not understand why Kawasaki believes it should be able to dictate the breakdown of anticipation versus obviousness theories that Rorze pursues, as opposed to simply proposing a cumulative limitation on prior art invalidity arguments with Rorze having the logical right to decide how to allocate anticipation and obviousness assertions between those arguments. Thus, Rorze's proposed narrowing procedure does not allocate the defenses between anticipation and obviousness, but rather provides for a cumulative limit for all such prior-art defenses.

Rorze's proposal also would impose no required narrowing for Section 112 defenses (indefiniteness, enablement, written description) by the deadlines proposed above. The narrowing procedure adopted in *Finjan* did not impose narrowing deadlines for such non-prior art invalidity defenses. While Rorze appreciates what is accomplished by narrowing the prior art arguments— e.g., limiting the arguments to a particular number of specific combinations to make it more manageable to address those combinations in expert reports, motions, and eventually trial—the Section 112 arguments are of a different nature. These arguments do not involve matching particular prior art combinations against particular claims, with the combination differing claim-by-claim depending on what elements are included in each claim. Section 112 arguments are more likely to be made in reference to specific claim limitations—for example, one can argue that the term "robot invasion restricted region" fails to satisfy one or more conditions of Section 112 and the argument against that limitation could apply to the multiple claims containing that term. The Section 112 arguments are inherently more manageable, and Rorze does not believe any numerical limitation on those arguments is appropriate at this stage.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

JOINT STATEMENT REGARDING
NARROWING OF THE ISSUES;
CASE NO. 5:22-CV-04947-PCP (SVK)

As in *Finjan*, Rorze proposes no narrowing procedure for any other invalidity arguments at this time, but proposes that the parties confer on narrowing such defenses as part of the pretrial process. To the extent the court disagrees with Rorze and wants to implement narrowing deadlines for Section 112 defenses by the same deadlines as provided above, Rorze proposes that such defenses be limited to 9 total written description grounds, 9 total enablement grounds, and 9 total indefiniteness grounds by the deadline provided in Rorze's proposed paragraph 2 above, and that those defenses be limited to 6 total written description grounds, 6 total enablement grounds, and 6 total indefiniteness grounds by the deadline provided in Rorze's proposed paragraph 4 above.

"Both [the Federal Circuit] and the Supreme Court have recognized that there is a significant public policy interest in removing invalid patents from the public arena." *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1354 (Fed. Cir. 2005). Rorze appreciates that a reasonable amount of narrowing is appropriate and necessary for this case. Rorze respectfully suggests, however, that Kawasaki's proposal is too limiting and that Rorze's proposal is more reasonable for fairly testing the validity of the Asserted Patents in this case.

Dated: November 16, 2023

CROWELL & MORING LLP

By: */s/ Eric Moss*
Thomas F. Koegel
Molly A. Jones
James R. Sobieraj
Robert S. Mallin
Tadashi Horie
Eric Moss

Attorneys for Plaintiff
KAWASAKI JUKOGYO KABUSHIKI
KAISHA A/K/A KAWASAKI HEAVY
INDUSTRIES, LTD.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-9-

JOINT STATEMENT REGARDING
NARROWING OF THE ISSUES;
CASE NO. 5:22-CV-04947-PCP (SVK)

| | | |
|---|---|---|
| 1 | Dated: November 16, 2023 | KUTAK ROCK LLP |
| 2 | | |
| 3 | | By: */s/ Aaron Myers* |
| | |    Saundra K. Wootton |
| | |    John P. Passarelli |
| 4 | |    James M. Sulentic |
| | |    Carol A. Svolos |
| 5 | |    Jonathan I. Baker |
| | |    Jason S. Jackson |
| 6 | |    Aaron A. Myers |
| | |    Robin E. Perkins |
| 7 | |    Masao Yoshimura |

Attorneys for Defendants
RORZE CORPORATION and RORZE AUTOMATION, INC.

JASON S. JACKSON (*pro hac vice*)
  jason.jackson@kutakrock.com
**KUTAK ROCK LLP**
1801 California Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2400
Facsimile: (303) 292-7799

AARON A. MYERS (*pro hac vice*)
  aaron.myers@kutakrock.com
**KUTAK ROCK LLP**
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5000
Facsimile: (612) 334-5050

ROBIN E. PERKINS (*pro hac vice*)
  robin.perkins@kutakrock.com
**KUTAK ROCK LLP**
2300 Main Street, Suite 800
Kansas City, MO 64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041

Masao Yoshimura (SBN 283453)
  myoshimura@cyiplaw.com
**CHEN YOSHIMURA LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Telephone: (408) 753-1130
Facsimile: (240) 238-2825

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: /s/ Eric Moss

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

JOINT STATEMENT REGARDING
NARROWING OF THE ISSUES;
CASE NO. 5:22-CV-04947-PCP (SVK)