| | |
|---|---|
| Saundra K. Wootton (SBN 224674)<br>saundra.wootton@kutakrock.com<br>**KUTAK ROCK LLP**<br>Suite 4550<br>777 South Figueroa Street<br>Los Angeles, California 90017-5800<br>Telephone: (213) 312-4000<br>Facsimile: (213) 312-4001<br><br>John P. Passarelli (*pro hac vice*)<br>john.passarelli@kutakrock.com<br>Carol A. Svolos (*pro hac vice*)<br>carol.svolos@kutakrock.com<br>Jonathan I. Baker (*pro hac vice*)<br>jonathan.baker@kutakrock.com<br>**KUTAK ROCK LLP**<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, NE 68102-1148<br>Telephone: (402) 346-6000<br>Facsimile: (213) 312-4001 | Jason S. Jackson (*pro hac vice*)<br>jason.jackson@kutakrock.com<br>**KUTAK ROCK LLP**<br>2001 16th Street Mall, Suite 1800<br>Denver, CO 80202<br>Telephone: (303) 297-2400<br>Facsimile: (303) 292-7799<br><br>Aaron A. Myers (*pro hac vice*)<br>aaron.myers@kutakrock.com<br>**KUTAK ROCK LLP**<br>60 South Sixth Street, Suite 3400<br>Minneapolis, MN 55402-4018<br>Telephone: 612-334-5008<br><br>Masao Yoshimura (SBN 283453)<br>myoshimura@cyiplaw.com<br>**CHEN YOSHIMURA LLP**<br>5201 Great America Parkway, Suite 320<br>Santa Clara, CA 95054<br>Telephone: (408) 753-1130<br>Facsimile: (240) 238-2825 |

Attorneys for Defendants RORZE CORPORATION
and RORZE AUTOMATION, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>    Plaintiff,<br><br>v.<br><br>RORZE CORPORATION AND RORZE AUTOMATION, INC.,<br><br>    Defendants. | Case No.: 5:22-cv-04947-PCP (SVK)<br><br>**RORZE'S STATEMENT IN SUPPORT OF KAWASAKI'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

RORZE'S STATEMENT IN SUPPORT OF KAWASAKI'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4886-0692-3976.1

-1-   CASE NO.: 5:22-CV-04947-PCP (SVK)

1.  Pursuant to Civil Local Rule 79-5(f)(3) and this Court's Standing Order for Civil Cases (revised November 13, 2023), Defendants Rorze Corporation and Rorze Automation, Inc. (collectively, "Rorze") provide the following statement in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Sealing Motion") filed by Plaintiff Kawasaki Jukogyo Kabushiki Kaisha ("Kawasaki") (ECF 142).  Rorze states as follows:

    1. Under *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), Kawasaki filed the proposed material for sealing in conjunction with a motion that is not "more than tangentially related to the underlying cause of action," *id.* at 1099.  Unlike a complaint or an answer, for example, which "form[] the foundation of the lawsuit," *In re Yahoo! Inc. Customer Data Sec. Breach Litigation*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018), Kawasaki filed the proposed material for sealing in conjunction with a Motion for Leave to Amend Infringement Contentions ("Leave to Amend Motion"), ECF 143, which is neither a major pleading nor a dispositive motion.  Indeed, infringement contentions in patent cases are not required to be filed publicly on the docket at all.  *See* Patent L.R. 3-1.  Accordingly, the "good cause" standard for evaluation of the Sealing Motion applies. *Ctr. For Auto Safety*, 809 F.3d at 1099.

    2. Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  The Rule 26 Protective Order issued by the Court in this patent infringement lawsuit expressly provides that Protected Material may be used only "for prosecuting, defending, or attempting to settle this litigation" and may be disclosed only to certain categories of persons.  ECF 68 ¶ 7.1.

    3. Rorze has reviewed the four Rorze documents that Kawasaki listed as subject to its Sealing Motion, namely parts of Exhibits 1-12 (containing annotated images of Rorze ATTORNEYS' EYES ONLY ["AEO"] Documents RORZE065589 and RORZE009286) and Exhibit 14 (containing those two documents plus Rorze AEO Documents RORZE000042 and RORZE009363) to Kawasaki's Leave to Amend Motion (collectively, "Rorze AEO

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

RORZE'S STATEMENT IN SUPPORT OF KAWASAKI'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4886-0692-3976.1

- 2 -   CASE NO.: 5:22-CV-04947-PCP (SVK)

1  Documents"). Rorze respectfully submits that the portions of Kawasaki's exhibits showing the
2  Rorze AEO Documents should remain under seal because they contain Rorze's non-public and
3  proprietary customer proposals and design and manufacturing specifications that contain
4  commercially sensitive and confidential information regarding Rorze's intellectual property and
5  trade secrets, as contemplated by Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.
6  While a glance at these materials shows that the products depicted are not generally publicly
7  available in the marketplace, publishing this information would expose Rorze to substantial
8  competitive harm.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)
9  (stating that district courts have "broad latitude" under Rule 26(c) "to prevent disclosure of
10 materials for many types of information, including, *but not limited to*, trade secrets or other
11 confidential research, development, or commercial information").

12      4.    If made public, the Rorze AEO Documents would provide Rorze's competitors
13 with an unfair competitive advantage. For example, unsealing this information would allow
14 competitors access to Rorze's confidential, proprietary, and commercially sensitive business and
15 engineering data, including information about its intellectual property as well as proposals and
16 equipment design features, details, and dimensions.  This type of information is routinely
17 maintained as confidential.  *Pace Anti- Piracy, Inc. v. Inside Secure*, No. 17-cv-06744-BLF, 2018
18 WL 10517182, *2-3 (N.D. Cal. Jan. 8, 2018).

19      5.    The schematics contained in the Rorze AEO Documents do not allow for partial
20 redaction and are subject to seal in their entirety.

21      6.    This Court has previously granted similar Administrative Motions to Consider
22 Whether Another Party's Material Should Be Sealed, ECF 97 and 104, filed by Rorze in
23 connection with Rorze's citations to Kawasaki's AEO Materials.  *See* Sealing Order, ECF 110.

24      7.    Rorze respectfully submits that good cause exists to seal the Rorze AEO
25 Documents.  Even under a heightened "compelling reasons" standard, however, compelling
26 reasons warrant sealing these "sources of business information that might harm a litigant's
27 competitive standing," especially because "the public has minimal interest in this information."
28 *MasterObjects, Inc. v. Amazon.com*, No. 20-cv-08103-WHA, 2022 WL 4074653, *1 (N.D. Cal.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

RORZE'S STATEMENT IN SUPPORT OF KAWASAKI'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4886-0692-3976.1

- 3 -    CASE NO.: 5:22-CV-04947-PCP (SVK)

1  Sept. 5, 2022) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

2  　　　WHEREFORE Rorze submits this statement in support of Kawasaki's Sealing Motion,

3  ECF 142.

4  Dated: June 20, 2024

6  　　　　　　　　　　　　　　By: */s/ Carol A. Svolos*
      　　　　　　　　　　　　　　　　Carol A. Svolos
7  　　　　　　　　　　　　　　　　Saundra K. Wootton
      　　　　　　　　　　　　　　　　John P. Passarelli
8  　　　　　　　　　　　　　　　　Aaron A. Meyers
      　　　　　　　　　　　　　　　　Jason S. Jackson
9  　　　　　　　　　　　　　　　　Robin E. Perkins
      　　　　　　　　　　　　　　　　Jonathan I. Baker
10 　　　　　　　　　　　　　　　　**KUTAK ROCK LLP**

11 　　　　　　　　　　　　　　　　Masao Yoshimura
      　　　　　　　　　　　　　　　　**CHEN YOSHIMURA LLP**

12 　　　　　　　　　　　　　　　　Attorneys for Defendants RORZE
      　　　　　　　　　　　　　　　　CORPORATION and RORZE
13 　　　　　　　　　　　　　　　　AUTOMATION, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

RORZE'S STATEMENT IN SUPPORT OF KAWASAKI'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4886-0692-3976.1

- 4 -    CASE NO.: 5:22-CV-04947-PCP (SVK)