UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KAWASAKI JUKOGYO KABUSHIKI KAISHA, | Case No. 22-cv-04947-PCP |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO STRIKE IN PART AND DENYING IN PART** |
| v. | |
| RORZE CORPORATION, et al., | Re: Dkt. No. 177 |
| Defendants. | |

Pursuant to Patent Local Rule 3-3, Federal Rules of Civil Procedure 26 and 37, and the Court's inherent authority, plaintiff Kawasaki Jukogyo Kabushiki Kaisha ("Kawasaki") has moved for an order striking certain portions of the Opening Expert Report Regarding Invalidity submitted by Dr. Richard Hooper, who has been disclosed as an expert witness for defendants Rorze Corporation and Rorze Automation, Inc. (collectively, "Rorze"). Kawasaki moves to strike those portions on the grounds that Dr. Hooper's report asserts theories of invalidity that were not disclosed in Rorze's Amended Invalidity Contentions and theories of invalidity that exceed the numerical limit agreed to by the parties and ordered by the Court in the Joint Stipulation and Order Regarding Case Narrowing Procedure and Rorze's Motion for Leave to Amend Invalidity Contentions (Dkt. No. 169).

Having considered the arguments of the parties and on the papers submitted, the Court **GRANTS** Kawasaki's motion to strike references to "Related Art" (Fig. 15 of the asserted patents) and **DENIES** Kawasaki's motion to strike Rorze's invalidity theories exceeding five obviousness combinations per asserted patent.

**I.    Related Art (Fig. 15 of the asserted patents)**

The local patent rules "require parties to crystallize their theories of the case early in the

litigation and to adhere to those theories once they have been disclosed." *Integrated Cir. Sys., Inc. v. Realtex Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). Local Patent Rule 3-3(b) requires a party's invalidity contentions to identify "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." Rule 3-3(c) requires parties to provide a chart that identifies "specifically where and how in each alleged item of prior art each limitation of each asserted claim is found."

Contrary to this Local Rule, Rorze asserts Related Art Fig. 15 as a basis for invalidity for the first time in Dr. Hooper's report. Rorze's contends that it relies upon the Related Art not as a reference but solely as evidence of the state of the art at the time the patent issued. But this position is belied by Dr. Hooper's report, which states that prior art Kazunari "does not expressly disclose four openings." He continues that Kazunari would nevertheless have been obvious in light of "systems employing four FOUPs … as shown in Related Art Fig. 15**.**" This is evidence that the Related Art goes beyond state-of-the-art background and instead functions as a prior art reference for Rorze's invalidity contentions. Rorze therefore should have disclosed Related Art Fig. 15 in its invalidity contentions.

The Court hereby strikes from Dr. Hooper's Opening Expert Report Regarding Invalidity all citations to, as well as arguments, opinions, and theories based on, Related Art Fig. 15. The material stricken from Dr. Hooper's Opening Expert Report Regarding Invalidity includes entries found in the "Exemplary Citation" cells corresponding to claim elements 6[a], 6[b], 13[a], and 13[b] in Dr. Hooper's Exhibits A1, B1, C1, D1, and E1, and entries found in the "Exemplary Citation" cells corresponding to claim elements 20[a], 20[b], 27[a], and 27[b] in Dr. Hooper's Exhibits A4, B4, C4, D4, and E4. Dr. Hooper shall not be allowed to offer at trial any testimony relating to the substance of the stricken material.

**II.     Invalidity Theories Exceeding Five Obviousness Combinations Per Asserted Patent.**

In his Opening Expert Report, Dr. Hooper provided alternative rationales for combinations of (1) Kazunari in combination with SEMI E63 Standard and NX-EFEM, (2) Kazunari in combination with SEMI E63 Standard and RS70000, and (3) Fukasawa in combination with SEMI E63 Standard and RS70000. Kawasaki argues that the Court should consider each of these as a

distinct obviousness combination that taken together exceed the limited number of obviousness combinations previously permitted by the Court pursuant to the parties' stipulation (Dkt. No. 169). Although the Court is sympathetic to Kawasaki's position that Rorze's reliance on alternative grounds for obviousness may not narrow the issues in litigation to the degree Kawasaki expected, Rorze's approach nevertheless complies with the express wording of the Court's order. The Court therefore denies Kawasaki's motion to strike portions of Dr. Hooper's report that provide multiple alternative rationales for the same obviousness combinations. Dr. Hooper may testify at trial as to these matters.

**IT IS SO ORDERED.**

Dated: December 13, 2024

_____
P. Casey Pitts
United States District Judge

3