UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RORZE CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04947-PCP<br><br>**PRETRIAL ORDER** |

Based on the trial setting conference held on May 20, 2025, the Court orders the following modifications to the trial schedule for this case. Trial will begin on March 2, 2026. Each party shall be allotted 20 hours to present their case. A joint pretrial conference will be held at 10:00 a.m. on Tuesday, February 3, 2026 in Courtroom 8 of the Robert F. Peckham United States Courthouse, 280 South 1st Street, San José, California 95113. At the pretrial conference, the parties should be prepared to address the matters addressed herein as well as the pending motions in limine.

This order sets out additional filing requirements in advance of these proceedings. All submissions required by this order shall by the applicable deadline be filed on the public docket and emailed, in editable Microsoft Word form, to pcppo@cand.uscourts.gov and pcpchambers@cand.uscourts.gov.

**I.  Due December 19, 2025: Joint Pretrial Statement**

The parties shall submit a joint statement of up to 10 pages including the following:

- *Facts*: State all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without supporting testimony or exhibits, as well as all disputed facts that remain to be decided at trial.

- *Legal issues*: Briefly state each disputed point of law, including relevant citations.
- *Motions*: Indicate any anticipated motions.
- *Stipulations*: Indicate any requested or proposed stipulations that will expedite the presentation of evidence.
- *Settlement*: Summarize the status of settlement negotiations and indicate whether further discussions are likely to be productive.
- *Duration*: Estimate the total number or hours or days needed for trial.
- *Witnesses*: List all witnesses likely to be called at trial by each side, describe the substance of the testimony to be given, and estimate how long the testimony will take.
- *Miscellaneous*: Identify any other issues to be addressed at the conference.

The parties shall meet and confer in advance of the deadline to prepare this statement.

**II.     Due December 19, 2025: Additional Pretrial Filings**

**A.     Jury Materials**

The parties shall submit the following:

- *Preliminary statement:* A one-paragraph joint statement of the case to be read at voir dire.
- *Proposed jury questions:* A list of up to nine agreed-upon questions to be asked in the online questionnaire that will be sent to prospective jurors before jury selection.
- *Proposed voir dire questions:* A list of agreed upon-questions to be posed by the Court after initial voir dire. The parties should formulate these questions such that they require only "yes"/"no" answers such that jurors can simply raise their hands in response. (Counsel will also be allowed a brief follow-up voir dire).
- *List of involved individuals:* A list of all people involved in this case (including counsel, parties, and potential witnesses) to be shared during jury selection.
- *Proposed jury instructions:* A joint set of proposed jury instructions. Proposed instructions should follow the Ninth Circuit Model Jury Instructions to the extent possible, and any deviations must be indicated. Undisputed instructions shall be identified as "Stipulated Instruction No. [number] re: [subject]." Disputed instructions

2

shall be identified as "Disputed Instruction No. [number] re: [subject] offered by [party]," with different proposals of the same instruction bearing the same number. For any disputed instruction (or any instruction which a party believes should not be given), each party may file a one-page statement supporting their position.

- *Proposed verdict form:* A single agreed upon proposed verdict form if possible, or separate proposed verdict forms if the parties cannot reach agreement.

### B. Motions in Limine

Each side may submit up to five motions in limine, each addressing a single, separate topic. Should the parties need to seek relief from the five-motion limit, they must do so by December 5, 2025. Motions shall be identified as "[Party's] Motion in Limine No. [number] re: [topic]." Briefing is limited to five pages per side, and reply briefs are not permitted. Motions shall be filed by December 12, 2025, and opposition briefs shall be filed by December 19, 2025. The parties may stipulate to an extended briefing schedule by filing such stipulation with the Court.

### C. Exhibits and Deposition Excerpts

The parties shall prepare a single set of all trial exhibits, expert reports of testifying experts, and deposition transcripts of testifying witnesses that will be the official record and, if applicable, used on appeal. Exhibits shall be numbered (not lettered) sequentially, with each exhibit identified as "Trial Exhibit No. [number]." Before submitting trial exhibits, the parties shall meet and confer in person to consider exhibit numbers, eliminate duplicates, and minimize confusion, and make a good faith effort to stipulate to admissibility. At minimum, absent a legitimate objection, the parties shall make every effort to stipulate to authenticity and foundation.

Each exhibit shall be tagged as follows:

<div style="border:1px solid black; padding:10px; display:inline-block;">
United States District Court
Northern District of California

**Trial Exhibit No. 100**

Case No. 22-cv-04380-PCP
Date Entered: _____
By: _____
         *Deputy Clerk*
</div>

Exhibit tags should be placed in the bottom right corner of the front page of each exhibit if possible, or otherwise in the bottom left corner of the back of the last page. If possible, tags should be printed on yellow paper or another light color that stands out but still allows for photocopying.

      At least five days prior to the commencement of trial, the parties shall deliver to the Courtroom Deputy two USB drives that each contain one set of exhibits, with each exhibit as a separate file. Files should be named so that the exhibits are listed sequentially when the files are sorted by name. With the USB drives, the parties shall include a tabular index of all exhibits. The table shall include the following columns: (a) exhibit number, (b) brief description, (c) purpose and sponsoring witness, (d) any objections, (e) response to any objections, (f) whether the parties stipulate to the exhibit's authenticity, (g) whether the parties stipulate to the exhibit's admissibility. The Court strongly encourages the parties to reach agreement on as many documents as possible.

      In lieu of filing a paper copy of every trial exhibit, the parties must instead bring a paper copy of any exhibit they plan to present at trial on the day they present it. The parties should plan to make such paper copies available for the Court's use if requested.

      At least five days prior to the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. A copy of the designated deposition testimony with page and line references or the discovery response shall be provided. Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served no later than two days prior to the commencement of trial. The parties shall also email

1  pcppo@cand.uscourts.gov and pcpchambers@cand.uscourts.gov an editable spreadsheet
2  identifying the deposition page and line number(s) for each objection. In two additional separate
3  columns in the spreadsheet, the parties should list the corresponding objection and any response.

### III. Trial Logistics

Requests for a daily transcript or real-time reporting, if desired, must be arranged before the date of the pretrial conference through the Court's website, https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/transcript-forms/.

Counsel must clearly announce the number of any exhibit used during proceedings. The parties should plan to present evidence using the available courtroom technology. The parties must provide agreed-upon transcripts of any audio or video exhibits used at trial by the day offered.

Counsel should move exhibits into evidence as soon as foundation is laid. At the end of each trial day, counsel shall consult with each other and the Courtroom Deputy about which exhibits are in evidence and any limitations. Disagreements must be brought to the Court's attention. At the close of evidence and before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel must jointly provide a revised index of all exhibits actually in evidence, stating (a) the exhibit number, and (b) a brief neutral description of the contents. This index will be provided to assist the jury.

Two calendar days before calling any witnesses, counsel shall exchange in writing by 5:00 P.M. a list of witnesses to be called and any exhibits to be used during direct examination. By 5:00 P.M. on the day before those witnesses are called, opposing counsel shall provide any objections to the listed exhibits and shall exchange a list of exhibits to be used with the listed witness(es) on cross-examination (other than for impeachment). Counsel shall, by 6:00 P.M. on the day preceding each trial day, notify the Court of: (1) the list of planned witnesses in the order that they will be called, (2) the list of any exhibits to be offered and whether the parties stipulate to their admissibility and authenticity, and (3) a separate list of any objections to witnesses or exhibits that may be called or offered into evidence. Counsel shall provide these lists to the Court by emailing pcpcrd@cand.uscourts.gov, pcppo@cand.uscourts.gov, and pcpchambers@cand.uscourts.gov. Please specify in the email whether and which witnesses will be

appearing remotely and include a copy of any exhibit to which there are objections.

**IT IS SO ORDERED.**

Dated: May 20, 2025

P. Casey Pitts
United States District Judge