| | |
|---|---|
| Saundra K. Wootton (SBN 224674)<br>saundra.wootton@kutakrock.com<br>**KUTAK ROCK LLP**<br>Suite 4550<br>777 South Figueroa Street<br>Los Angeles, California 90017-5800<br>Telephone: (213) 312-4000<br>Facsimile: (213) 312-4001<br><br>John P. Passarelli (*pro hac vice*)<br>john.passarelli@kutakrock.com<br>Carol A. Svolos (*pro hac vice*)<br>carol.svolos@kutakrock.com<br>Jonathan I. Baker (*pro hac vice*)<br>jonathan.baker@kutakrock.com<br>**KUTAK ROCK LLP**<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, NE 68102-1148<br>Telephone: (402) 346-6000<br>Facsimile: (213) 312-4001 | Jason S. Jackson (*pro hac vice*)<br>jason.jackson@kutakrock.com<br>**KUTAK ROCK LLP**<br>2001 16th Street Mall, Suite 1800<br>Denver, CO 80202<br>Telephone: (303) 297-2400<br>Facsimile: (303) 292-7799<br><br>Aaron A. Myers (*pro hac vice*)<br>aaron.myers@kutakrock.com<br>**KUTAK ROCK LLP**<br>60 South Sixth Street, Suite 3400<br>Minneapolis, MN 55402-4018<br>Telephone: 612-334-5008<br><br>Masao Yoshimura (SBN 283453)<br>myoshimura@cyiplaw.com<br>**CHEN YOSHIMURA LLP**<br>5201 Great America Parkway, Suite 320<br>Santa Clara, CA 95054<br>Telephone: (408) 753-1130<br>Facsimile: (240) 238-2825 |

Attorneys for Defendants RORZE CORPORATION and RORZE AUTOMATION, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>Plaintiff,<br><br>v.<br><br>RORZE CORPORATION AND RORZE AUTOMATION, INC.,<br><br>Defendants. | Case No.: 5:22-cv-04947-PCP<br><br>**RORZE CORPORATION AND RORZE AUTOMATION, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

RORZE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4926-1154-5731.1

CASE NO.: 5:22-CV-04947-PCP

Pursuant to Civil Local Rules 7-11 and 79-5 and the Protective Order entered by this Court (ECF 68), Defendants Rorze Corporation and Rorze Automation, Inc. (collectively "Rorze") respectfully submit this administrative motion (1) seeking leave to file under seal Rorze materials discussed, cited, and submitted in connection with Rorze's Responses to Plaintiff Kawasaki Jukogyo Kabushiki Kaisha's ("Kawasaki") Motions in Limine ("Rorze's Responses") and (2) to consider whether Kawasaki's material cited and discussed in Rorze's Responses, which will be filed subsequent to this administrative motion, should be sealed. Rorze and Kawasaki have designated the underlying documents, each of which is attached to the Declaration of Aaron A. Myers in Support of Rorze's Responses ("Myers Decl."), as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Specifically, the documents subject to this administrative motion include:

| Document | Portions to Be Sealed | Designating Party |
|---|---|---|
| Exhibit 1 to the Myers Decl., which is excerpts of the transcripts of the September 4 and 5, 2024 depositions of Nobuki Kakeya | Entirety | Rorze |
| Exhibit 2 to the Myers Decl., which is excerpts of the transcripts of the August 28 and 29, 2024 depositions of Katsunori Sakata | Entirety | Rorze |
| Exhibit 3 to the Myers Decl., which is excerpts of the transcript of the July 18, 2024 deposition of Yoshiyuki Fujishiro | Entirety | Rorze |
| Exhibit 4 to the Myers Decl., which is excerpts of the transcript of the September 12, 2024 deposition of Katsushi Hayasaki | Entirety | Rorze |
| Exhibit 5 to the Myers Decl., which is excerpts of the transcript of the August 14, 2024 deposition of Naoki Ogawa | Entirety | Rorze |
| Exhibit 6 to the Myers Decl., which is Kawasaki's September 20, 2024 Supplemental Privilege Log | Entirety | Kawasaki |

| | | |
|---|---|---|
| Exhibit 7 to the Myers Decl., which is excerpts of Kawasaki's June 12, 2024 Amended Disclosure of Asserted Claims and Infringement Contentions and corresponding Exhibit 4 | Portions previously filed under seal in ECFs 143-06, 143-04, which were permitted to remain under seal pursuant to the Court's Order at ECF 147 | Kawasaki |
| Exhibit 8 to the Myers Decl., which is excerpts of the transcript of the November 21, 2024 deposition of Dr. Alexander Glew | Entirety | Kawasaki |
| Rorze's Response to Kawasaki's Motion in Limine No. 2 | Pages 3:7-21 | Kawasaki |

Along with this administrative motion, Rorze submits a proposed order, declaration of Aaron A. Myers ("Myers Decl.") in support, and unredacted copies of the documents referenced above with proposed redactions (if any) highlighted. Rorze sets forth below the legal basis for its request to file under seal the materials Rorze has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." With regard to documents Kawasaki has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and which Rorze seeks to file under seal, Rorze expects Kawasaki to file one or more declarations in accordance with Civil Local Rule 79-5(f)(3).

**I.    LEGAL STANDARD**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Where a document is "more than tangentially related to the underlying cause of action," it may only be sealed for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099–1102 (9th Cir. 2016). Compelling reasons include "sources of business information that might harm a litigant's competitive standing." Id. at 1097 (quoting *Nixon*, 435 U.S. at 598–99); *see also In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162

(N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'" (citation omitted)).

Rorze seeks to file under seal Exhibits 1–5 to the Myers Decl. ("Rorze Exhibits"). The Rorze Exhibits are materials that Rorze has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order entered by this Court (Dkt. No. 68). The Rorze Exhibits include information related to Rorze's process for analyzing competitors' intellectual property for non-infringement, which is a part of its broader business strategy. *See* Myers Decl. ¶ 4. Here, disclosure of the information related to Rorze's analysis of the Kawasaki patents-in-suit contained in the Rorze Exhibits would expose key information relating to Rorze's business practices, and such exposure would harm the competitive standing of Rorze to the benefit of Rorze's competitors. *See id.* ¶ 5. There is no alternative to sealing Exhibits 1–5 to the Myers Decl. that adequately protects this non-public information.

Dated:  December 19, 2025

By: */s/ Aaron A. Myers*
Aaron A. Myers
Jason S. Jackson
Saundra K. Wootton
John P. Passarelli
Jonathan I. Baker
Robin E. Perkins
**KUTAK ROCK LLP**

Masao Yoshimura
**CHEN YOSHIMURA LLP**

Attorneys for Defendants RORZE CORPORATION and RORZE AUTOMATION, INC.