| | |
|---|---|
| THOMAS F. KOEGEL (SBN 125852)<br>  tkoegel@crowell.com<br>MOLLY A. JONES (SBN 301419)<br>  mojones@crowell.com<br>**CROWELL & MORING LLP**<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 986-2800<br>Facsimile: (415) 986-2827<br><br>ROBERT S. MALLIN (*pro hac vice*)<br>  rmallin@crowell.com<br>TADASHI HORIE (*pro hac vice*)<br>  thorie@crowell.com<br>MARK H. REMUS (*pro hac vice*)<br>  mremus@crowell.com<br>**CROWELL & MORING LLP**<br>300 N. LaSalle Drive, Suite 2500<br>Chicago, IL 60654<br>Telephone: (312) 321-4200<br>Facsimile: (312) 321-4299<br><br>*Attorneys for Plaintiff*<br>KAWASAKI JUKOGYO KABUSHIKI KAISHA | SAUNDRA K. WOOTTON (SBN 224674)<br>  saundra.wootton@kutakrock.com<br>**KUTAK ROCK LLP**<br>777 South Figueroa Street, Suite 4550<br>Los Angeles, California 90017<br>Telephone: (213) 312-4000<br>Facsimile: (213) 312-4001<br><br>JOHN P. PASSARELLI (*pro hac vice*)<br>  john.passarelli@kutakrock.com<br>JONATHAN I. BAKER (*pro hac vice*)<br>  jonathan.baker@kutakrock.com<br>**KUTAK ROCK LLP**<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, NE 68102<br>Telephone: (402) 346-6000<br>Facsimile: (402) 346-1148<br><br>(Additional Counsel Listed on Signature Page)<br><br>*Attorneys for Defendants*<br>RORZE CORPORATION and RORZE AUTOMATION, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>    Plaintiff,<br><br>  v.<br><br>RORZE CORPORATION AND RORZE AUTOMATION, INC.,<br><br>    Defendants. | Case No. 5:22-cv-04947-PCP<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Date:  March 2, 2026<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 8, 4th Floor<br>Judge:  Hon. P. Casey Pitts<br><br>Complaint filed: August 30, 2022<br><br>**HIGHLY CONFIDENTIAL—<br>ATTORNEYS' EYES ONLY** |

Pursuant to Pretrial Order [Dkt. 268], Plaintiff Kawasaki Jukogyo Kabushiki Kaisha ("Kawasaki") and Defendants Rorze Corporation ("RCO") and Rorze Automation, Inc. ("RAI") (collectively, "Rorze") submit their Joint Pretrial Statement.

## I. FACTS

**The Joint Statement of Uncontested Fact is attached at Appendix A.**

## JOINT STATEMENT OF DISPUTED FACTS TO BE DETERMINED AT TRIAL

### Issues Upon Which Kawasaki Bears the Burden of Proof

### A. Infringement of the Asserted Patents

1. Whether Kawasaki has proven by a preponderance of the evidence that RCO and/or RAI directly infringes any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031 by making, using, offering to sell and/or selling in the United States or importing into the United States any of the Accused Products.

2. Whether Kawasaki has proven by a preponderance of the evidence that RCO and/or RAI induces infringement of any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031 by inducing others to make, use, offer to sell and/or sell in the United States or import into the United States any of the Accused Products.

3. Whether Kawasaki has proven by a preponderance of the evidence that RCO and/or RAI contributorily infringes of any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031 by selling robots, which are material components of the infringing, for use in EFEMs or stockers.

### B. Willful Infringement

4. Whether Kawasaki has proven by a preponderance of the evidence that RCO and/or RAI has willfully infringed any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909;

and/or any of claims 15 and 29 of RE031.

### C. Requested Relief for Infringement of the Asserted Patents

5. The amount of damages owed to Kawasaki for RCO's and/or RAI's infringement of any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031, including whether Kawasaki has proved that it is entitled to lost profits and the amount of reasonable royalty.

## Issues Upon Which Rorze Bears the Burden of Proof[1]

### A. Obviousness of the Asserted Patents

1. Whether Rorze has proven by clear and convincing evidence that claims 1, 3, 6, and 11 of RE772; claims 15, 24 and 26 of RE465; claims 25 and 26 of RE145; claims 15, 18, 20 and 25 of RE909; and claims 15 and 29 of RE031 are invalid as obvious in view of Kazunari combined with SEMI E63.

2. Whether Rorze has proven by clear and convincing evidence that claims 1, 3, 6, and 11 of RE772; claims 15, 24 and 26 of RE465; claims 25 and 26 of RE145; claims 15, 18, 20 and 25 of RE909; and claims 15 and 29 of RE031 are invalid as obvious in view of Kazunari combined with SEMI E63 and further combined with RS70000.

3. Whether Rorze has proven by clear and convincing evidence that claims 1, 3, 6, and 11 of RE772; claims 15, 24 and 26 of RE465; claims 25 and 26 of RE145; claims 15, 18, 20 and 25 of RE909; and claims 15 and 29 of RE031 are invalid as obvious in view of Kaneko combined with SEMI E63 and further combined with Kazunari.

### B. Written Description

4. Whether Rorze has proven by clear and convincing evidence that claims 1, 3, 6, and 11 of RE772; claims 15, 24 and 26 of RE465; claims 25 and 26 of RE145; claims 15, 18, 20 and 25 of RE909; and claims 15 and 29 of RE031 are invalid for failure to satisfy the written

---

[1] Although the heading above is entitled Joint Statement of Disputed Facts to be Determined at Trial, certain defenses, such as obviousness, are technically considered legal issues that are determined by underlying factual findings. *See, e.g.*, *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007) ("The ultimate judgment of obviousness is a legal determination.").

description requirement of 35 U.S.C. § 112 based on the claim terms for FOUP opener, robot invasion restricted region, and front wall.

### C. Enablement

5. Whether Rorze has proven by clear and convincing evidence that claims 1, 3, 6, and 11 of RE772; claims 15, 24 and 26 of RE465; claims 25 and 26 of RE145; claims 15, 18, 20 and 25 of RE909; and claims 15 and 29 of RE031 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. § 112, first paragraph, based on the robot invasion restricted region claim term.

### D. Indefiniteness

6. Whether Rorze has proven by clear and convincing evidence that claims 25 and 26 of RE145 are invalid as indefinite under 35 U.S.C. § 112, second paragraph based on the claim term for "a length between the opener-side door and the rear opening".

## II. LEGAL ISSUES

1. Whether Kawasaki is entitled to a permanent injunction enjoining RCO and/or RAI, their officers, employees, agents, attorneys, affiliates, successors, assigns, and others acting in privity or concert with it from further infringement of any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031.

2. Whether Kawasaki is entitled to an accounting of damages for post-verdict infringement and, if so, in what amount.

3. Whether Kawasaki is entitled to an award of prejudgment and post-judgment interest and, if so, in what amounts.

4. Whether Kawasaki is entitled to enhanced damages under 35 U.S.C. § 284 for Rorze's willful infringement of any of claims 1, 3, 6, and 11 of RE772; any of claims 15, 24 and 26 of RE465; any of claims 25 and 26 of RE145; any of claims 15, 18, 20 and 25 of RE909; and/or any of claims 15 and 29 of RE031 and, if so, in what amount.

5. Whether Kawasaki is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount.

|   |   |   |
|---|---|---|
| 1 | 6. | Whether Kawasaki is entitled to any other relief as this Court deems just and |
| 2 | proper. | |
| 3 | 7. | Whether Rorze is entitled to an award of attorneys' fees and costs under 35 U.S.C. |
| 4 | § 285 and, if so, in what amount. | |
| 5 | 8. | Whether Rorze is entitled to any other relief as this Court deems just and proper. |

6   **III.**   **MOTIONS:**  Kawasaki Motions in Limine 1-5 and Rorze Motions in Limine 1-4.

7   **IV.**   **STIPULATIONS**

8   1.   The parties stipulate that the EFEM products ▬▬▬▬▬▬▬▬▬▬▬▬ on or after November 30, 2023 and using the product identifier DYRS7J and DYRS7M are not part of this case and that neither party will refer to these products or their configurations during trial for any purpose.  The parties further agree that Kawasaki has not waived or surrendered any claim against these products including any claims for infringement of any patent.

13   2.   The parties stipulate that the EFEM products Rorze ▬▬▬▬▬▬ using the product identifier EYRS7B131 and EYRS7B121 that have a reverse mount (i.e., the robot pivot axis is mounted closer to the front wall than the rear wall) are not part of this case and that neither party will refer to these products or their configurations during trial for any purpose.  The parties further agree that Kawasaki has not waived or surrendered any claim against these products including any claims for infringement of any patent.  Rorze represents and warrants that the 80 total units identified in its Fifth Supplemental Answer to Interrogatory No. 6 and Third Supplemental Answer to Interrogatory No. 8 dated November 3, 2025 do in fact have a reverse mount.

22   3.   The parties stipulate that Kawasaki is not seeking an award of damages for any products made, used, offered for sale, and/or sold in the United States or imported into the United States by Rorze before June 14, 2017.  For purposes of 28 U.S.C. § 287(a), the notice dates for each Asserted Patent are as follows: (a) June 14, 2017 for the RE772; (b) February 18, 2019 for the RE465; (c) February 18, 2019 for the RE145; (d) December 8, 2021 for the RE909; and (e) December 8, 2021 for the RE031.

28   4.   The parties stipulate that the document bearing production number RORZE065589

will be used as an exemplary drawing for Rorze's accused EFEMs with Model Nos. starting with "EYRS" in which the robot's base is mounted closer to the rear wall than the front wall; the document bearing production number RORZE015626 will be used as an exemplary drawings for Rorze's accused EFEMs with Model Nos. starting with "DYRS"; the document bearing production number RORZE000042 will be used as an exemplary drawings for Rorze's accused Stockers with Model Nos. starting with "68RI"; the document bearing production number RORZE009286 will be used as an exemplary drawing of Rorze's load ports used with the Accused Products; and that the document bearing production number RORZE032642 will be used as an exemplary drawing for Rorze's robot used in the Accused Products. The stipulations in this paragraph do not limit in any way the parties' rights to seek to introduce additional drawings and other forms of evidence for these products.

5. The parties stipulate that Kazunari, SEMI E63, Kaneko, and RS70000 as shown in RORZE's Product Catalogs are printed publications that existed at the time Kawasaki first applied for the Asserted Patents. The production numbers associated with these references are: (a) for Kazunari: RORZE009858-009875 and RORZE009719-009771; (b) for SEMI E63: RORZE009883-015174 (SEMI Int'l Standards) including RORZE010380- RORZE010386 (SEMI E-63); (c) for Kaneko: RORZE009823-009850 and RORZE009772-009822; (d) for RS70000: RORZE01535093-RORZE01535138 (Plaintiff's Dep. Ex. 61); RORZE01534868 to RORZE01535366 (Hooper Rpt. Ex. 21) including RORZE01534908-RORZ01534909 (SEMICON catalog and native color version; Plaintiff's Dep. Ex. 172);

**V.  SETTLEMENT**

The parties participated in a mediation on July 8, 2024 with the Honorable Gary Feess, retired U.S. District Judge. The mediation was scheduled for two days but was concluded after the first day. The parties subsequently had some informal settlement discussions. The parties have no further settlement discussions scheduled.

**VI.  DURATION**  Each party shall have 20 hours to present their case from March 2-17, 2026.

**VII.  WITNESSES:** The Parties' witness lists are attached at Appendix B.

## VIII. <u>MISCELLANEOUS</u>

**Issue 1: Whether the Court disposed of Rorze's unpatentable subject matter defense pursuant to 35 U.S.C. § 101 in its Order denying Rorze's Motion for Judgment on the Pleadings (Dkt. 263 at 7:17-12:21) ("Order").**

<u>Kawasaki's Position</u>: The Court disposed of Rorze's patent ineligibility defense in its Order. The Court noted that under *Alice's* two-step test for patent ineligibility, "first step is 'determin[ing] whether the claims at issue are directed to one of those patent-ineligible concepts. *Id.* If they are not, the inquiry ends.'" Dkt. 263 at 8:12-14. Following an analysis of the Asserted Patents, Rorze's arguments and the relevant law, the Court expressly found that "because the asserted claims are not directed to an abstract idea, Rorze's argument fails at *Alice's* first step." Dkt. 263 at 12:12-13, *see also* Dkt. 263 at 9:28-10:3. Thus, there is no patent eligibility issue for the Court to decide. *McRO, Inc. v. Bandai Namco Games America Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016) ("If the claims are not directed to an abstract idea, the inquiry ends.").

Rorze's interpretation of the Court's order as drawing inferences in Kawasaki's favor is unavailing. The order does not identify a single inference it drew in Rorze's favor. Instead, the Court decided that the claims are not directed to an abstract idea based on the evidence and that Rorze's argument was simply wrong. Dkt. 263 at 9:7-9 ("As an initial matter, Rorze errs in construing one of the benefits that flow from the patents' innovation as the innovation itself. Claim 1 of the asserted patents discloses a wafer transfer apparatus comprised of numerous physical components."), *see also* at 9:25-10:6. Rorze also argues that the Court's view may change based on development of the factual record at trial. However, the factual record was fully developed when Rorze filed its motion which the Court noted circumvented his rule on page limits for summary judgment. Dkt. 274 at n.3. Indeed, as Rorze noted in its Rule 12 motion on its section 101 defense, "[l]ike other legal questions based on underlying facts," patent eligibility "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts ... require a holding of ineligibility under the substantive standards of law." ECF 199 at 9, *citing Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 821 (N.D. Cal. 2021) (*quoting SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018)). This is particularly true

1  for Alice step 1. *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1373-74 (Fed. Cir.
2  2020) ("the *Alice* step one inquiry in *Enfish* and our other decisions began, and ended, with the
3  patent itself. . . . The analysis does not require a review of the prior art or facts outside of the
4  intrinsic record regarding the state of the art at the time of the invention. Based on our review of
5  the intrinsic record, the '207 patent claims are not directed to a patent-ineligible abstract idea.
6  Therefore, reversal is appropriate."). Second, Rorze admitted during the briefing of its section
7  101 motion that there were no disputed issues of fact – indeed, that was the entire premise of its
8  motion. See ECF 214 at 1 ("The prosecution history, plain language of the claims, and
9  Kawasaki's prior representations in this Court preclude any genuine dispute of fact"); 10 ("There
10 is no genuine dispute of fact that would preclude the Court from granting Rorze's 101 motion.").
11 Nothing has changed since Rorze filed its motion and there is no need for the Court to revisit its
12 ruling under these circumstances. *Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. C 8175, 2024
13 WL 450028, at *18 (N.D. Ill. Feb. 6, 2024) ("[t]he Court finds that there are no changed
14 circumstances or new facts in the record that warrant departing from the law of the case doctrine.
15 The Court therefore grants Kove's motion for summary judgment on § 101 patent eligibility.");
16 *Savvy Dog Sys., LLC v. Pa. Coin, LLC*, No: 3:19-CV-01470, 2022 WL 3700123, at *5 (M.D. Pa.
17 Sept. 19, 2022) ("[B]ecause the court is satisfied that it conducted a full analysis of *Alice* step one
18 in ruling on the motion to dismiss and no extraordinary circumstance justifies revisiting that
19 ruling, it is unnecessary to conduct the *Alice* step one analysis again here.").

20 **Rorze's Position**: Kawasaki never filed a dispositive motion challenging Rorze's
21 ineligibility defense and Rorze does not interpret the Court's May 12, 2025 Order as dispositively
22 finding in Kawasaki's favor on this issue.

23 Courts have acknowledged that the legal question of patent ineligibility under Section 101
24 is based upon underlying factual determinations. *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d
25 1358, 1368-69 (Fed. Cir. 2020) (discussing factual determinations as part of *Alice* step one);
26 *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (*Alice* step two). In Rorze's view, the
27 Court analyzed *Alice* step one based on the Court's understanding of the patents as interpreted in
28 the light most favorable to Kawasaki. *See* Dkt. 263, pp. 7-8 (discussing drawing of inferences in

favor of non-movant).  *Cf. Mukasa v. Balick & Balick,* No. C.A.02-218 GMS, 2002 WL 31230813, at *1 (D. Del. Sept. 26, 2002); *Keefe v. Marquette Cnty.*, 31 F. App'x 334, 336 (7th Cir. 2002) (both recognizing that statements made in order denying motion to dismiss were not intended as ultimate findings but were rather statements based on inferences drawn in the plaintiff's favor).  Rorze interpreted the Court's statements as based on the drawing of inferences in Kawasaki's favor, rather than the Court's ultimate decision on this issue.

The Court's ultimate view of the *Alice* issues may change based upon further development of the factual record at trial.  Kawasaki emphasizes that Rorze's Rule 12(c) motion asserted that the key facts underlying Rorze's motion were undisputed and supported the invalidity of the Asserted Patents under Section 101. But that is because Rorze was bringing a motion under Rule 12(c). The denial of a motion seeking judgment on the pleadings does not rule out the possibility that additional evidence beyond the pleadings could impact the ultimate determination of an issue. For example, the trial evidence could bear on the issue of whether a POSA would understand whether the claimed inequalities do, in fact, produce the enumerated improvements over the prior art as promoted by the patent specification, or whether a POSA would instead understand that these numerous alleged improvements are exaggerations of things already achieved in the prior art such as the related art depicted in FIGs 13-15 of the Kawasaki Patents. *See CardioNet,* 955 F.3d at 1373-74 (suggesting that courts may, at their discretion, look outside the intrinsic evidence as part of Alice step one inquiry). Further, the Court already determined that *Alice* Step 2 involves a disputed fact of whether the components shown in the related art of Figs. 13-15 are well-understood at the time of patenting. *See* Dkt. 263 at p. 12:14. Because the court's determination of Alice Steps 1 and 2 both involved these factual determinations, Rorze respectfully submits that a final ruling on Rorze's Section 101 defense should follow a complete presentation of evidence at trial.

**Issue 2:  Whether the Court disposed of Rorze's noninfringement argument that the load port rear cover is the inside surface of the front wall in its Order denying Rorze's Motion for Summary Judgment of Noninfringement (Dkt. 263 at 18:13-19:16) ("SJ Order").**

**Kawasaki's Position**:  The Court disposed of Rorze's noninfringement argument that the

1  load port rear cover is the interior surface of the front wall in its SJ Order. The Court identified
2  the issue as being one where "the experts disagree about how the Court's claim construction order
3  applies to the accused products. And '[w]here the parties do not dispute any relevant facts
4  regarding the accused product … [and] disagree [only] over possible claim interpretations, the
5  question of literal infringement collapses into claim construction[.]'" Dkt. 263 at 19:20-24. The
6  Court then denied Rorze's motion, stating that "the problem with Rorze's argument is that it is at
7  odds with the language of the patents and the Court's claim construction order." Id. at 19:27-28.
8  Specifically, the Court found that Rorze's argument was "at odds" with the Court's claim
9  construction for the term "interface space." *Id.* at 19:28-20:4; see also Dkt. 284 at 1:24-27
10 (confirming that Rorze's noninfringement arguments were "at odds with . . . the Court's claim
11 construction."). Thus, there is no fact issue for a jury to decide.

  Rorze's argument that the Court should change its claim construction is the exact request it made in its Motion for Clarification. In its order denying Rorze's motion for clarification, the Court noted that its summary judgment order involved a "straightforward application of its earlier claim construction" and held that "[n]othing in the summary-judgment order modified or expanded on the claim construction." Dkt. 284 at 1:23-28. Rorze has repeated this same request to change the claim construction in its Motion in Limine 4 which should be denied for the reasons set forth in Kawasaki's response.

  **Rorze's Position**: The Court explained in response to Rorze's Motion for Clarification that "[s]hould the issues discussed in Rorze's motion arise again in pretrial motion or at trial, Rorze may reassert any arguments as to the proper interpretation of the Court's claim construction at that time." *Id.* at 1:28-2:2. Rorze respectfully disagrees that the claim construction that the Court used in its summary judgment Order was a "straightforward application" of the Court's earlier Claim Construction Order.

  Rorze is not asking the Court to "change" its claim construction order. Rorze is asking that the Court's entire claim construction, rather than a partial claim construction, be provided to the jury so that Rorze can fairly contest infringement at trial under the same interpretation of claim terms that was included in the Court's summary judgment Order.

None of the nine definitions provided in the Claim Construction Order include the interpretation of claim terms used in the Court's summary judgment Order. It is true that the Court's Claim Construction Order cited the "rectangular parallelepid" and content from the specification. But it is also true that statements in the specification are not always found to limit the scope of patent claims. The Court's original definitions of claim terms did not include the requirements that the "interior surface of the front wall" must "enclose the interface space by partitioning it from the exterior space" and "extend the full height of the interface space" so as to make the length B a "single, consistent measurement … regardless of whether it is measured from the top, bottom, or middle of the interior surface of the front wall." *See* Dkt. 263 at 20:2-14. . That is why Rorze's non-infringement motion was not based on that claim construction. And, notably, Kawasaki's opposition to Rorze's motion argued a factual dispute rather than arguing that Rorze's motion was contrary to the Court's claim construction. *See* Dkt. 263 at 19:14.

Rorze agrees that if the Court maintains the claim construction interpretation provided in the recent Order on Rorze's motion for clarification, Rorze may not pursue the noninfringement argument that the load port rear cover is the interior surface of the front wall. In that instance, however, Rorze also maintains that the claim construction provided to the jury should expressly include the claim construction used as the basis for denying Rorze's summary judgment motion. Rorze also submits that the parties at trial should submit evidence on the design and operation of Rorze's products to determine whether the products infringe under that claim construction.

**Issue 3:** Subject to the Court's approval, the parties agree that each juror shall be provided with a notepad, pen, and copies of the Asserted Patents.

**Issue 4:** Subject to the Court's approval, the parties agree that the current version of the Federal Judicial Center Introduction to the Patent System video (2013 revision or other agreed version, if any exists) should be played as part of the Court's preliminary jury instructions. The video is located at The Patent Process: An Overview for Jurors - YouTube

**Issue 5:** The parties are still discussing the best way to handle translators and deposition videos.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: December 19, 2025 | CROWELL & MORING LLP |
| 4 |  | By: /s/ Molly A. Jones |
|   |  | Thomas F. Koegel |
|   |  | Molly A. Jones |
|   |  | Robert S. Mallin |
|   |  | Tadashi Horie |
|   |  | Mark H. Remus |
| 7 |  | *Attorneys for Plaintiff* |
|   |  | KAWASAKI JUKOGYO KABUSHIKI KAISHA |
| 10 | Dated: December 19, 2025 | KUTAK ROCK LLP |
| 12 |  | By: /s/ Aaron A. Myers |
|   |  | Saundra K. Wootton |
|   |  | John P. Passarelli |
|   |  | Jonathan I. Baker |
|   |  | Jason S. Jackson |
|   |  | Aaron A. Myers |
|   |  | Robin E. Perkins |
|   |  | CHEN YOSHIMURA LLP |
|   |  | Masao Yoshimura |
|   |  | *Attorneys for Defendants* |
|   |  | RORZE CORPORATION and RORZE AUTOMATION, INC. |

# APPENDIX A

# Appendix A – Statement of Agreed Facts

### A. PARTIES

1. Plaintiff and Counterclaim Defendant Kawasaki is a Japan corporation having its principal place of business at Kobe Crystal Tower, 1-1, Higashi-Kawasaki-cho 3-chome, Chuo-ku, Kobe-shi, Hyogo 650-8670, Japan.

2. Kawasaki Robotics Inc. ("KRI") is a wholly owned subsidiary of Kawasaki and has a place of business at 145 Rio Robles, San Jose, CA 95134, U.S.A.

3. Defendant and Counterclaim Plaintiff RCO is a Japan corporation having its principal place of business at 1588-2 Michinoue, Kannabe-cho, Fukuyama-shi, Hiroshima 720-2104, Japan.

4. Defendant and Counterclaim Plaintiff RAI is a wholly owned subsidiary of Rorze Corporation and is a California corporation having its principal place of business at 41215 Albrae Street, Fremont, California 94538, U.S.A.

5. Kawasaki filed this lawsuit on August 30, 2022 against RCO and RAI (collectively "Rorze").

### B. PATENTS-IN-SUIT

6. United States Reissue Patent Nos. RE45,772 issued on October 20, 2015, and is entitled "Wafer Transfer Apparatus and Substrate Transfer Apparatus" ("RE772").

7. United States Reissue Patent Nos. RE46,465 issued on July 4, 2017, and is entitled "Wafer Transfer Apparatus and Substrate Transfer Apparatus" ("RE465").

8. United States Reissue Patent Nos. RE47,145 issued on November 27, 2018, and is entitled "Wafer Transfer Apparatus and Substrate Transfer Apparatus" ("RE145").

9. United States Reissue Patent Nos. RE47,909 issued on March 17, 2020, and is entitled "Wafer Transfer Apparatus and Substrate Transfer Apparatus" ("RE909").

10. United States Reissue Patent Nos. RE48,031 issued on June 2, 2020, and is entitled "Wafer Transfer Apparatus and Substrate Transfer Apparatus" ("RE031").

11. RE772, RE645, RE145, RE909 and RE031 ("the Asserted Patents") are all reissued from U.S. Patent No. 7,874,782 ("the '782 Patent").

12. The Asserted Patents and the '782 Patent claim priority to U.S. Patent Application No. 11/879,509 filed on July 18, 2007 and to Japanese Patent Application No. 2006-1988771 filed on July 20, 2006.

13. Yasuhiko Hashimoto is the inventor of the Asserted Patents and the '782 Patent.

14. Kawasaki is the owner by assignment of the Asserted Patents and the '782 Patent.

15. The USPTO issued Certificates of Correction for the RE772 on January 31, 2017 and June 12, 2018.

**C.   THE EFEMS AND ROBOTS**

16. Kawasaki has accused the following Rorze products of infringement (collectively "the Accused Products"):

   a.   Equipment Front End Modules ("EFEM") ▮▮▮▮▮▮ identified by the following Model Nos.: EYRS7A120, EYRS7A121, EYRS7A130, EYRS7A131, EYRS7A140, EYRS7A141, EYRS7A221, EYRS7A231, EYRS7A241, EYRS7B120, EYRS7B121, EYRS7B131, EYRS7B141, EYRS7B362, EYRS7B472, EYRS7F121, EYRS7F131, EYRS7F140, EYRS7F141

   b.   EFEMs ▮▮▮▮▮▮ identified by the following Model Nos.: DYRS76110-001-001, DYRS76120-002-001, DYRS76120-002-002, DYRS76120-002-003, DYRS76120-004-001, DYRS76120-004-002, DYRS76120-005-001, DYRS76120-005-002, DYRS76120-006-001, DYRS76120-007-001, DYRS76120-008-001, DYRS76120-009-001, DYRS76130-001-001, and DYRS76130-002-001;

   c.   Robots identified by the following Model Nos.: EYRUC100-73A, EYRUC100-73B, EYRUC100-73F, RR73AL4021-422-411, RR73AL4421- 422-411,

|   |   |
|---|---|
| 1 | RR73AL4621-422-412, 6PRUC100-73B, RR736L4631-000-110, and RR736L4122- 411- |
| 2 | 110; and |
| 3 | d.  Stockers identified by the following Model Nos.: N2-BWS 800 and |
| 4 | N2-BWS 1600 and also identified as Model Nos. 68RI76172-N01-001 (N2-BWS 800), |
| 5 | 68RI76192-N02-001 (N2-BWS 1600), and 68RI76192-N06-Y01 (N2-BWS 1600) |
| 6 | 17.  Kawasaki sells the following long reach robots that are used in EFEMs: |
| 7 | 0242-76129, 0242-93806, 0246-44701, NT410, NT 420, NT510, NT520, NT522A, NTH20, |
| 8 | NTS10, NTS20, NTS22, NTS522A, TT210B, TT220B, TT225B, TTS10A, TTS12A, TTS20, |
| 9 | TTS20A, TTS20B, TTS21B, TTS22A, and TTS22T. |
| 10 | 18.  A person of ordinary skill in the art of the field relating to the Patents-In- |
| 11 | Suit ("POSA") is a person with a bachelor's degree in mechanical engineering or other relevant |
| 12 | technical degree and would have at least three years of experience in designing semiconductor |
| 13 | equipment, wafer handling equipment, or developing robotics for manufacturing, particularly for |
| 14 | semiconductor manufacturing equipment or related technologies. Someone with less technical |
| 15 | education but more experience or more technical education but less experience would have also |
| 16 | met this standard. |

# APPENDIX B

**Appendix B – Witness Lists**

| Kawasaki Case-in-Chief Witness List | | |
|---|---|---|
| Witness | Est. Time | Possible Substance of Testimony |
| Yasuhiko Hashimoto | 45-60 minutes | May include conception, reduction to practice and subject matter of the Asserted Patents |
| Tetsuya Yoshida | 30-60 minutes | May include conception, reduction to practice and the subject matter of the Asserted Patents; Kawasaki's semiconductor robot operations, including manufacturing, engineering, and sales; communications with Rorze regarding one or more of the Asserted Patents |
| Makoto Fukuoka | 30 minutes | May include communications with Rorze regarding one or more of the Asserted Patents |
| Avish Bharwani | 30-45 minutes | May include sales and marketing of Kawasaki's semiconductor robots |
| Makoto Tanami | 30-45 minutes | May include accounting for Kawasaki's semiconductor robots |
| Yoshiyuki Fujishiro | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products; knowledge of the Asserted Patents |
| Nobuki Kakeya | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products; knowledge of the Asserted Patents |
| Akimitsu Fujii | 30 minutes | May include sales and marketing of Rorze's Accused Products; knowledge of the Asserted Patents |
| Katsushi Hayasaki | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products; knowledge of the Asserted Patents |
| Katsunori Sakata | 30 minutes | May include development, operation and technology of Rorze's Accused Products; knowledge of the Asserted Patents |
| Rocco Melchione | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products |
| Naoki Ogawa | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products; knowledge of the Asserted Patents |
| Katsura Odahara | 30 minutes | May include development, operation, technology, sales and marketing of Rorze's Accused Products |
| David Haas | 60 minutes | Expert testimony on damages issues and other topics in his expert reports |
| Dr. Alexander Glew | 60 minutes | Expert testimony on background technology, patent subject matter, industry practices, noninfringing alternatives, infringement, and patent validity and other topics in his expert reports |

| Rorze Case-in-Chief Witness List |||
|---|---|---|
| Witness | Est. Time | Possible Substance of Testimony |
| Yoshiyuki Fujishiro | 45 minutes | May include background on Rorze, Rorze's products, sales and customer relationships, commercial success, notice of the Asserted Patents, and Rorze's response to Kawasaki's allegations of patent infringement. |
| Nobuki Kakeya | 60-90 minutes | May include operation, technology, functioning and characteristics of Rorze's products, Rorze intellectual property practices, the Asserted Patents and notice of the Asserted Patents, Rorze's position for non-infringement and invalidity of the Asserted Patents, communications between Rorze and Kawasaki concerning the asserted patents, and facts and circumstances concerning Rorze's lack of willful infringement. |
| Akimitsu Fujii | 30 minutes | May include sales of Rorze's products, commercial success, and Rorze financial and accounting information. |
| Katsushi Hayasaki | 60-90 minutes | May include background on Rorze, development, operation, and technology of Rorze's products, sales and customer relationships, commercial success, notice of the Asserted Patents, and Rorze's response to Kawasaki's allegations of patent infringement. |
| Katsunori Sakata | 30 minutes | May include development, operation, and technology of Rorze's products and Rorze's response to Kawasaki's allegations of patent infringement. |
| Rocco Melchione | 30 minutes | May include background on RAI, products sold by RAI, commercial success, notice of the Asserted Patents. |
| Keith Miyamoto | 30 minutes | May include background on RAI, products sold by RAI, commercial success, sales and financial information for RAI, notice of the Asserted Patents. |
| Naoki Ogawa | 30 minutes | May include development, operation, and technology of Rorze's products, sales of Rorze's products and customer relationships. |
| Katsura Odahara | 30 minutes | May include Rorze's products, sales of Rorze's products and customer relationships, and commercial success. |
| Yasuhiko Hashimoto | 60-90 minutes | May include the subject matter of the Asserted Patents, prosecution of the Asserted Patents, reissue declarations, conception and reduction to practice, the state of the art as relating to the subject matter of the Asserted Patents, SEMI standards listed in Asserted Patents, prior robot products sold by Kawasaki, and Kawasaki's robotics business. |

| Tetsuya Yoshida | 30-60 minutes | May include the subject matter of the Asserted Patents, prosecution of the Asserted Patents, conception and reduction to practice, the state of the art as relating to the subject matter of the Asserted Patents, SEMI standards listed in Asserted Patents, prior robot products sold by Kawasaki, Kawasaki's robotics business, and communications with Rorze regarding one or more of the Asserted Patents. |
|---|---|---|
| Makoto Fukuoka | 30 minutes | May include communications with Rorze regarding the Asserted Patents, the subject matter of the Asserted Patents, prosecution of the Asserted Patents, SEMI standards listed in Asserted Patents, and prior robot products sold by Kawasaki. |
| Avish Bharwani | 30-45 minutes | May include sales and marketing of Kawasaki's semiconductor robots and the business of KRI for semiconductor robots. |
| Christian Tregillis | 60-90 minutes | Expert testimony on damages issues and other topics in his expert reports. |
| Dr. Richard Hooper | 60-90 minutes | Expert testimony on the subject matter of the Asserted Patents, the state of the art as relating to the Asserted Patents and background technology, industry practices, noninfringing alternatives, noninfringement, and patent invalidity and other topics in his expert reports. |