THOMAS F. KOEGEL (SBN 125852)
  tkoegel@crowell.com
MOLLY A. JONES (SBN 301419)
  mojones@crowell.com
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

ROBERT S. MALLIN (*pro hac vice*)
  rmallin@crowell.com
TADASHI HORIE (*pro hac vice*)
  thorie@crowell.com
MARK H. REMUS (*pro hac vice*)
  mremus@crowell.com
**CROWELL & MORING LLP**
300 N. LaSalle Drive, Suite 2500
Chicago, IL 60654
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Plaintiff*
KAWASAKI JUKOGYO KABUSHIKI KAISHA A/K/A
KAWASAKI HEAVY INDUSTRIES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA,<br><br>Plaintiff,<br><br>v.<br><br>RORZE CORPORATION AND RORZE AUTOMATION, INC.,<br><br>Defendants. | Case No. 5:22-cv-04947-PCP<br><br>**KAWASAKI'S STATEMENT IN SUPPORT OF RORZE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 303)** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

KAWASAKI'S STATEMENT IN SUPPORT OF
RORZE'S ADMIN. MOT. TO SEAL (DKT. NO. 303);
CASE NO. 5:22-cv-04947-PCP

Pursuant to Civil Local Rule 79-5(f)(3) and this Court's Standing Order for Civil Cases, Plaintiff Kawasaki Jukogyo Kabushiki Kaisha ("Kawasaki") provides the following statement in support of the Administrative Motions to Consider Whether Another Party's Material Should be Sealed filed by Defendants Rorze Corporation and Rorze Automation, Inc. (collectively, "Rorze") (Dkt. No. 303).

Rorze filed its administrative motion to seal as Dkt. No. 303 ("Sealing Motion") in connection with Rorze's Responses to Kawasaki's Motions in Limine, including, as relevant here, Kawasaki's Motion in Limine No. 2 (Dkt. No. 305, "Rorze's Response"). Rorze's Sealing Motion includes requests to seal both confidential Rorze material and confidential Kawasaki material.

Kawasaki provides the following statement in support of sealing Kawasaki's confidential material. Included in the statement is a table summarizing the material that Rorze has provisionally filed under seal, including information that Kawasaki may consider confidential. Kawasaki states as follows:

1.      Rorze filed the Kawasaki confidential material for sealing in conjunction with its Response to Kawasaki's Motion in Limine No. 1. Where a document is "more than tangentially related to the underlying cause of action," it may only be sealed for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099-1102 (9th Cir. 2016); *see also Apple Inc. v. Rivos, Inc.*, No. 22-CV-02637-PCP, 2024 WL 748394, at *1 (N.D. Cal. Feb. 23, 2024). Compelling reasons include "sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *see also In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials."

1    (internal quotes and citation omitted)); *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 21-

2    MC-80159-JSC, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021) ("Confidential business

3    information in the form of license agreement, financial terms, details of confidential licensing

4    negotiations, and business strategies is sealable." (internal quotes and citation omitted)).

5        2.    Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order

6    to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

7    expense" by "requiring that a trade secret or other confidential research, development, or

8    commercial information not be revealed or be revealed only in a specified way." The protective

9    order issued by the Court in this patent infringement lawsuit expressly provides that protected

10   material may be used only "for prosecuting, defending, or attempting to settle this litigation" and

11   may be disclosed only to certain categories of persons. Dkt. No. 68 at ¶ 7.1.

12   **Rorze's Sealing Motion (Dkt. No. 303)**

| Document | Sealed Dkt. No. | Public Dkt. No. | Portions to Be Sealed / Designating Party | Kawasaki's Confidential Material |
|---|---|---|---|---|
| Exhibit 1 to the Myers Decl., which is excerpts of the transcripts of the September 4 and 5, 2024 depositions of Nobuki Kakeya | 303-3 | n/a | Entirety / Rorze | None |
| Exhibit 2 to the Myers Decl., which is excerpts of the transcripts of the August 28 and 29, 2024 depositions of Katsunori Sakata | 303-4 | n/a | Entirety / Rorze | None |
| Exhibit 3 to the Myers Decl., which is excerpts of the transcript of the July 18, 2024 deposition of Yoshiyuki Fujishiro | 303-5 | n/a | Entirety / Rorze | None |
| Exhibit 4 to the Myers Decl., which is excerpts of the transcript of the September 12, 2024 deposition of Katsushi Hayasaki | 303-6 | n/a | Entirety / Rorze | None |
| Exhibit 5 to the Myers Decl., which is excerpts of the transcript of the August 14, 2024 deposition of Naoki Ogawa | 303-7 | n/a | Entirety / Rorze | None |

| Document | Sealed Dkt. No. | Public Dkt. No. | Portions to Be Sealed / Designating Party | Kawasaki's Confidential Material |
|---|---|---|---|---|
| Exhibit 6 to the Myers Decl., which is Kawasaki's September 20, 2024, Supplemental Privilege Log | 303-8 | n/a | Entirety / Kawasaki | ***Entirety*** |
| Exhibit 7 to the Myers Decl., which is the excerpts of Kawasaki's June 12, 2024, Amended Disclosure of Asserted Claims and Infringement Contentions and corresponding Exhibit 4 | 303-9 | 305-1 | Entirety / Kawasaki | None |
| Exhibit 8 to the Myers Decl., which is the excerpts of the transcript of the November 21, 2024, deposition of Dr. Alexander Glew | 303-10 | n/a | Entirety / Kawasaki | None |
| Rorze's Response to Kawasaki's Motion in Limine No. 2 | 303-11 | 305 | Page 3:7-21 / Kawasaki | None |

3.      Kawasaki has reviewed the confidential Kawasaki material submitted with Rorze's Sealing Motion (Dkt. No. 303), including Exhibits 6-8 and Rorze's Response to Kawasaki's Motion in Limine No. 2. Kawasaki confirms that Exhibits 7 and 8 and Rorze's Response to Kawasaki's Motion in Limine No. 2 do not contain any Kawasaki confidential information, and therefore, Kawasaki does not seek for those documents to remain under seal. However, Exhibit 6 consists entirely of Kawasaki's Supplemental Privilege Log, which contains Kawasaki's confidential business information concerning its confidential and privileged communications with counsel, which in turn discloses certain of Kawasaki's internal business operations, and therefore, Kawasaki respectfully requests that the entirety of the document remain under seal as indicated above. Kawasaki takes no position regarding any other documents or portions of those documents not identified in the table above.

4.      Kawasaki's confidential information identified in Exhibits 6, namely, Kawasaki's Supplemental Privilege Log should remain under seal because it contains confidential information regarding the date and general subject matter of privileged communications between Kawasaki

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

KAWASAKI'S STATEMENT IN SUPPORT OF
RORZE'S ADMIN. MOT. TO SEAL (DKT. NO. 303);
CASE NO. 5:22-cv-04947-PCP

1    and its counsel. Kawasaki considers the timing, frequency, and subject matter of its

2    communications with its counsel to be highly confidential information. Under no circumstances

3    does Kawasaki disclose any such information to the public during the normal course of business,

4    or absent a direct court order. Public disclosure of facts underlying Kawasaki's communications

5    with its counsel would cause significant and undue harm to Kawasaki's business. Exhibit 6 to

6    Rorze's Response should therefore be filed under seal. *Oracle Am., Inc. v. Google Inc.*, No. 10-

7    cv-03561- WHA (DMR), 2015 WL 7775243, *2 (N.D. Cal. Dec. 3, 2015) (finding good cause for

8    sealing the plaintiff's privilege log upon the averment that "the privilege log contains confidential

9    information regarding the date and general subject matter of privileged communications between

10   [the plaintiff] and its counsel"); *Ctr. for Auto Safety*, 809 F.3d at 1099-1102.

11         5.    If made public, Kawasaki's confidential material would provide Kawasaki's

12   competitors with an unfair competitive advantage. Unsealing this information would allow

13   competitors access to Kawasaki's confidential, proprietary, and commercially sensitive

14   information, including information that can be gleaned from its privileged communications with

15   counsel concerning its intellectual property as well as product design features, design process,

16   sales processes for certain customers, customer information, and communications with customers

17   regarding Kawasaki's products. Such information that can be used by competitors to the sealing

18   party's detriment is routinely maintained as confidential. *Pace Anti- Piracy, Inc. v. Inside Secure*,

19   No. 17-cv-06744-BLF, 2018 WL 10517182, *2-3 (N.D. Cal. Jan. 8, 2018). Exposing such

20   information to Kawasaki's competitors would place Kawasaki at a disadvantage because its

21   competitors would gain knowledge of Kawasaki's product designs, product development

22   processes, and sales and customer processes, which the public has minimal interest in but are key

23   to Kawasaki's commercial success. *MasterObjects*, 2022 WL 4074653, *1. Accordingly,

24   Kawasaki respectfully submits that compelling reasons, and the lesser good cause standard, exist

25   to seal Kawasaki's Supplemental Privilege Log as identified in the table above.

26         WHEREFORE, Kawasaki submits this statement in support of Rorze's Sealing Motions,

27   Dkt. No. 303, and respectfully requests that the Court issue an order to seal Kawasaki's

28   Supplemental Privilege Log, filed as Exhibit 6 to Rorze's Response as set forth above.

1    Dated: December 23, 2025                    CROWELL & MORING LLP

2
                                                 By: /s/ Molly A. Jones
3                                                    Thomas F. Koegel
                                                     Molly A. Jones
4                                                    Robert S. Mallin
                                                     Tadashi Horie
5                                                    Mark H. Remus

6                                                    *Attorneys for Plaintiff*
                                                     KAWASAKI JUKOGYO KABUSHIKI
7                                                    KAISHA A/K/A KAWASAKI HEAVY
                                                     INDUSTRIES, LTD.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28