UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWASAKI JUKOGYO KABUSHIKI KAISHA, <br><br> Plaintiff, <br><br> v. <br><br> RORZE CORPORATION, et al., <br><br> Defendants. | Case No.  22-cv-04947-PCP <br><br> **SECOND PRETRIAL ORDER** <br><br> Re: Dkt. Nos. 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 303, 310, 311, 313, 314, 316, 317 |

Trial in this case is set to begin on March 2, 2026. The Court held a pretrial conference on February 3, 2026. Before the Court are the parties' motions *in limine*, disputed jury instructions and verdict forms, several additional issues raised in the parties' joint pretrial statement, and requests to seal various documents submitted with the parties' pretrial filings. The Court addresses each filing, as well as additional trial logistics, below.

## I.    Issues Raised in the Joint Pretrial Statement

In their joint pretrial statement, the parties dispute (1) "[w]hether the Court disposed of Rorze's unpatentable subject matter defense pursuant to 35 U.S.C. § 101 in its Order denying Rorze's Motion for Judgment on the Pleadings" and (2) "[w]hether the Court disposed of Rorze's noninfringement argument that the load port rear cover is the inside surface of the front wall in its Order denying Rorze's Motion for Summary Judgment of Noninfringement." The answer to both questions is yes.

### A.    The Court disposed of Rorze's unpatentable subject matter defense.

The Court's order denying Rorze's motion for judgment on the pleadings disposed of Rorze's unpatentable subject matter defense. The Court explained that Rorze's patent-ineligibility defense "fails at *Alice*'s first step" because "the asserted claims are not directed to an

abstract idea" like "collision avoidance." *See* Dkt. 263 at 9–10. "Rather, by their plain language, the patents address the non-abstract idea of '[a] wafer transfer apparatus for transferring a wafer[.]'" *Id.* (quoting RE772, 29:66).

Rorze's arguments that this analysis did not conclusively resolve its patent-ineligibility defense fail.

First, Rorze argues that the Court's conclusion turned on inferences drawn in Kawasaki's favor, but it neither identifies any such inferences nor explains what alternate inferences might alter the Court's conclusion that the patents address a non-abstract idea.

Second, Rorze argues that the Court's earlier analysis did not account for relevant facts that may come to light at trial. For example, Rorze posits that:

> the trial evidence could bear on the issue of whether a POSA would understand whether the claimed inequalities do, in fact, produce the enumerated improvements over the prior art as promoted by the patent specification, or whether a POSA would instead understand that these numerous alleged improvements are exaggerations of things already achieved in the prior art … .

But the Federal Circuit has held "that step one of the *Alice* framework does not require an evaluation of the prior art or facts outside of the intrinsic record regarding the state of the art at the time of the invention." *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1374 (Fed. Cir. 2020). Instead, courts need only "examin[e] the patent claims in view of the plain claim language, statements in the written description, and the prosecution history, if relevant." *Id.* The Court has already done so. And while "[i]t is within the trial court's discretion whether to take judicial notice of a longstanding practice where there is no evidence of such practice in the intrinsic record," *id.* at 1373, Rorze has not suggested that any longstanding practice exists that was not reflected in the intrinsic record considered by the Court. Its general arguments that some unspecific "trial evidence *could* bear on the issue" does not merit an exercise of the Court's discretion to reconsider its prior ruling.

**B.    The Court disposed of Rorze's non-infringement argument that the load port rear cover is the interior surface of the front wall.**

The Court's order denying Rorze's motion for summary judgment conclusively rejected

United States District Court
Northern District of California

Rorze's argument that the load port rear cover is the inside surface of the front wall. *See* Dkt. No. 263-1 at 19 (explaining that Rorze's "argu[ment] that the load port cover comprises the 'interior surface of the front wall' … is at odds with the language of the patents and the Court's claim construction order").

Rorze reasserts the argument raised in its motion to clarify the summary-judgment order that the order modified the Court's original claim construction. Rorze suggests that because the Court's modified the claim construction, it should have an opportunity to raise new non-infringement theories under the modified claim construction. The problem for Rorze is that, as the Court has already explained, "[n]othing in the summary-judgment order modified or expanded on the claim construction." Dkt. No. 284 at 1. For Rorze's benefit, the Court addresses Rorze's unavailing arguments to the contrary below.

First, Rorze contends that the summary-judgment order newly construed the "robot invasion restrict[ed] region" as necessarily "enclos[ing] the interface space by partitioning it from the exterior space." But the claim-construction order already specified that the "interface space" is "the volume *enclosed* by the six walls of the interface space forming portion." Dkt. No. 141 at 7 (emphasis added). "Enclosed" means "completely surrounded," *Enclose*, Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/enclose (last visited Oct. 8, 2025), or "closed in," *Enclosed*, Merriam-Webster, https://www.merriam-webster.com/dictionary/enclosed (last visited Oct. 8, 2025). By using the term "enclosed" in its construction of "interface space," the Court thus conveyed that the walls of interface space must completely surround the space and close it off from the exterior space.

Second, Rorze argues that the summary-judgment order newly determined that the "robot invasion restricted region" must "extend to the full height of the interface space" so as to make "the length B" "a single, consistent measurement between the front wall and the rear wall" regardless of "whether it is measured from the top, bottom or middle of the interior surface of the front wall." Again, that was already apparent from the Court's claim-construction order. There, the Court specified that "the length B" is "*the* length" of the interface space, indicating that the length B is a single and consistent length. Dkt. No 141 at 8. And in discussing its construction

3

United States District Court
Northern District of California

of "interface space," the Court stated that the interface has only "one length in each dimension," making clear that "length B" (the "forward-backward length" of the interface space) cannot vary.

In sum, the Court's summary-judgment order conclusively rejected Rorze's arguments concerning the load port rear cover based on reasoning that should have been apparent to Rorze at the time. So there is no basis to revisit that ruling or to permit Rorze to concoct new non-infringement theories at this late stage.

### C.      Additional Issues

The parties have agreed upon several additional issues. First, they agree that each juror shall receive a notepad, pen, and copies of the asserted patents. Second, the parties agree that the Court shall display a specified version of the Federal Judicial Center's video entitled "Introduction to the Patent System" as part of the preliminary jury instructions. The Court approves both agreements.

## II.      Motions *In Limine*

Each party has filed several motions *in limine*. The Court grants Kawasaki's third motion in full and grants Kawasaki's fourth motion and Rorze's fourth motion in part. The Court denies Kawasaki's first, second, and fifth motions and Rorze's first, second, and third motion.

### A.      The Court denies Kawasaki's first motion *in limine*.

Kawasaki seeks to preclude Rorze from introducing evidence or argument at trial about Rorze's meetings and communications with its counsel concerning Kawasaki's patent-infringement claims. This motion is denied.

The evidence and arguments Kawasaki seeks to exclude concern its claim of willful infringement. As a defense to the claim of willfulness, Rorze relies on a non-infringement opinion from an employee. Kawasaki has previously argued that Rorze's reliance on that employee's opinion was unreasonable because he neither is an attorney nor consulted outside counsel. Should Kawasaki reassert that argument at trial, Rorze wishes to respond with evidence that the employee consulted with Rorze's counsel—that is, Rorze wants to raise the *fact* of the employee's communications with counsel. But Rorze expressly disclaims any intent to adduce evidence concerning the *substance* of those communications, which it claims are privileged and which it

4

has consequently not disclosed to Kawasaki.

Kawasaki seeks to prevent the introduction of evidence concerning these communications with counsel on three bases. None are availing.

First, Kawasaki argues that Rorze failed to comply with Patent Local Rule 3-7, which requires "each party relying upon advice of counsel as part of a patent-related claim or defense" to produce certain documents "[n]ot later than 30 days after" the Court issues a claim-construction ruling. Kawasaki insists that, to introduce evidence of attorney-client communications at trial, Rorze needed (and failed) to produce "any written advice and documents" and "a written summary of any oral advice" provided by its counsel within 30 days of the Court's claim-construction order. *See* Patent L.R. 3-7(a)–(b). But that is necessary only where "the attorney-client and work product protection have been waived" for the communications at issue, which is not the case here. *Id.* Absent such a waiver, a party relying on an advice-of-counsel defense need only "[s]erve a privilege log identifying documents … relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection." Patent L.R. 3-7(c). Kawasaki has not argued that Rorze failed to provide such a privilege log.

Second, Kawasaki argues that Rorze may not introduce evidence at trial that Rorze refused to disclose in discovery based on the attorney-client privilege. But Rorze does not seek to introduce privileged communications—Rorze relies on the fact of its employee's communications with counsel, not the substance of those communications. Only the latter falls within the attorney-client privilege. *United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994), *as amended* (May 17, 1994). And accordingly, Rorze disclosed the former in discovery. Kawasaki acknowledges as much, noting that "Rorze identified the *existence* of discussions with … counsel but failed to disclose the *substance* of any such communications." Cases in which courts excluded the substance of undiscoverable attorney-client communications therefore do not support the exclusion of this evidence. *See, e.g.*, *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1294 (Fed. Cir. 2023). For similar reasons, Kawasaki's argument that it would be "surprised" by evidence concerning the fact of Rorze's communications with counsel fails, as Rorze disclosed that fact in discovery. *See id.*

United States District Court
Northern District of California

Third, Kawasaki contends that even the bare fact of these communications with counsel is prejudicial because it "would be highly misleading and cause jury confusion because the jury could assume without evidence that Rorze's lawyers endorsed Rorze's non-infringement position." But it is far from clear that the jury would infer from Rorze's refusal to disclose attorney-client communications that those communications were favorable. The Federal Circuit has explained that where the substance of communications is not disclosed, juries commonly infer that the communications would be damaging to the withholding party. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (en banc). It is because such inferences are common and could "distort the attorney-client relationship" that the Federal Circuit held in 2004 that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege." *Id.* at 1344–45. Thereafter, Congress followed suit by enacting 35 U.S.C. § 298, which provides that:

> [t]he failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.

These authorities suggest that Rorze's non-disclosure of the substance of its communications with counsel are as likely to produce an improperly negative inference as an improperly positive one.

For these reasons, Kawasaki's first motion *in limine* is denied. Should Rorze expressly or impliedly disclose the contents of its communications with counsel at trial, or adduce evidence concerning such communications that is not relevant to the issues before the jury, nothing in this order precludes Kawasaki from objecting at that time.

**B.    The Court denies Kawasaki's second motion *in limine*.**

Kawasaki seeks to preclude Rorze and its expert "from providing any evidence, testimony or opinions regarding non-infringement and the front wall." This motion is also denied.

Kawasaki's motion stems from this Court's previous rejection of Rorze's argument that the load port rear cover of its accused products constitutes the interior surface of the front wall under the Court's claim construction. As support for that argument, Rorze relied on the testimony of an expert. In its summary-judgment order, the Court explained that Rorze's argument is at odds with

6

the Court's claim construction. Neither Rorze nor its expert affirmatively offered any other theory of non-infringement. In fact, when asked whether Rorze's products infringe if the load port rear cover is not considered the interior surface of the front wall, Rorze's expert said he did not know and could not answer what else might constitute the interior surface of the front wall. Kawasaki therefore argues that the Court should preclude Rorze and its expert from providing *any* evidence relating to non-infringement or the front wall structure of Rorze's accused products.

Kawasaki is correct about two points. First, the Court must preclude arguments and evidence that are based on Rorze's already-rejected theory that the load port rear cover constitutes the interior surface of the front wall, which does not comport with the Court's claim construction. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("No party may contradict the court's construction to a jury."). Second, Rorze's expert may not offer testimony at trial that he did not include in his earlier expert report. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1062 (9th Cir. 2008).

But it does not follow from those two points that Rorze may not contest infringement or that Rorze's expert may not testify at trial. After all, *Kawasaki* bears the burden of establishing infringement, *see Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008), so Kawasaki must show by a preponderance of the evidence that Rorze's products meet the claim limitations of the asserted patents. In this case, that means Kawasaki must establish that the accused products have a "robot invasion restricted region" created by the extension of FOUP openers beyond the interior surface of the front wall. Although Rorze may no longer affirmatively argue that its products' load port rear cover is the front wall, it may argue that Kawasaki failed to meet its burden. For example, Rorze may argue that Kawasaki has not identified a front wall in Rorze's products beyond which the FOUP openers extend. Similarly, while Rorze's expert may not offer his affirmative view that the load port rear cover is the interior surface of the front wall, he may criticize Kawasaki's theory that another structure *is* the front wall, as he included those criticisms in his expert report.

Accordingly, Kawasaki's second motion *in limine* is denied. To the extent Rorze offers opinions or arguments at trial that were not properly disclosed beforehand, Kawasaki may object

on that basis at trial. Should a party object to an expert witness's testimony on the ground that it was not properly disclosed, the Court expects counsel for the party offering that expert witness to immediately identify, by page and paragraph number of the expert report, where the opinion at issue was disclosed. All parties should annotate their expert witness examination outlines with those page and paragraph numbers to enable immediate responses to such objections.

### C.    The Court grants Kawasaki's third motion *in limine*.

Kawasaki seeks to exclude any argument or evidence concerning Rorze's patents related to a load port design. The motion is granted.

Admission of evidence concerning a defendant's patents is governed by Rule 403 balancing. *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572 (Fed. Cir. 1986). That rule authorizes exclusion of relevant evidence only where "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The probative value of evidence concerning Rorze's patents is minimal. As Rorze recognizes, the fact that it has patents covering the accused products is not relevant to whether those products infringe Kawasaki's patents. *See Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996). Rorze argues that its patents show (1) the reasons for its accused products' commercial success, which is relevant to a reasonable royalty rate; (2) that the accused products use a vertical-moving load port rather than the more conventional horizontal-moving load port used by Kawasaki, which suggests that any infringement was not willful; and (3) Rorze's innovativeness, which Kawasaki has put in issue. Even assuming that Rorze's patents are probative as to these issues, however, so too is other evidence. For example, the fact of Rorze's unique use of vertical-moving load ports is likely as probative of the company's innovativeness, the commercial success of its products, and the reasonableness of its non-infringement belief as Rorze's patents. Because "the same information" for which it seeks to rely on its patents "can be presented through other means," introducing "[t]he introduction of the patent … would therefore be cumulative." *Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*, No. CIV. A. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995).

On the other side of the scale, allowing Rorze to discuss its own patents could significantly distract and confuse the jury by shifting the focus of the trial to the scope and validity of those patents. *See Glaros*, 797 F.2d at 1573; *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-03577 DLJ, 2000 WL 34334583, at *6 (N.D. Cal. Mar. 31, 2000), *aff'd*, 265 F.3d 1294 (Fed. Cir. 2001). For example, Rorze's assertion that its patents are the source of its accused products' commercial success necessarily raises questions about whether the accused products actually practice Rorze's patents. The risk of such detours and distractions substantially outweighs the minimal probative value of Rorze's patents. *See Advanced Cardiovascular*, 2000 WL 34334583, at *6. The Court therefore grants Kawasaki's third motion *in limine*.

### D.    The Court denies as moot Kawasaki's fourth motion *in limine*.

Kawasaki seeks to preclude Rorze "from offering any argument or evidence that Kawasaki improperly targeted the accused products with its patent filings." Rorze has disclaimed any intent to argue that Kawasaki's use of the reissue process to ensure that the assert patents cover the accused products was improper. And the parties agree that evidence concerning the timing of Kawasaki's patent filings and other related events may properly be introduced to provide background information and as support for Rorze's arguments concerning willfulness and obviousness. The Court therefore denies Kawasaki's fourth motion *in limine* as moot, without prejudice to objections to particular arguments or testimony that may arise at trial concerning Kawasaki's targeting of the accused products.

### E.    The Court denies Kawasaki's fifth motion *in limine*.

Kawasaki seeks to exclude certain opinions of Rorze's expert concerning the asserted patents' "robot invasion restricted region" (RIRR) claim that conflict with the Court's claim construction. This motion is denied due to its overbreadth.

In his report, Rorze's expert relied on a construction of the RIRR claim that the Court rejected in its order denying Rorze's motion for summary judgment. Kawasaki therefore asks the Court to preclude (1) any testimony by Rorze's expert concerning his now-rejected construction and (2) any argument by Rorze that, before this Court's claim construction, it understood the scope of the asserted patents based on its expert's now-rejected view.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

Because "no party may contradict the [C]ourt's construction" of claim terms "to a jury," *Exergen*, 575 F.3d at 1321, Kawasaki is correct that neither Rorze nor its expert may present the construction of the RIRR limitation offered in the expert's report. Doing so would be both contrary to the law of the case and risk confusing the jury. *See Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009); *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1371 n.2 (Fed. Cir. 2007).

But there is no apparent risk that Rorze will contradict the Court's claim construction, as Rorze expressly disclaims any intent to do so. Rorze seeks to introduce its expert's opinion and other related evidence only to show that, prior to the Court's claim construction, Rorze reasonably (but mistakenly) construed the patents differently. That is a valid defense to Kawasaki's claim of willfulness. In the related context of induced infringement, for example, a defendant may show that it lacked knowledge of infringement because it relied on a reasonable construction of an asserted patent that differed from the plaintiff's. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015). For that reason, the Federal Circuit has engaged in a detailed analysis as to the reasonableness of a defendant's mistaken construction of a patent in order to determine whether substantial evidence supported a jury's induced-infringement verdict. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1348–50 (Fed. Cir. 2016). So too here, Rorze may use its expert's opinion and other evidence to argue that its construction of the asserted patents, though inconsistent with the Court's, was a reasonable basis for its belief that the accused products did not infringe.

Kawasaki argues that allowing Rorze to introduce evidence concerning its prior construction of the RIRR claim would mislead and confuse the jury. But given Rorze's acknowledgement that it may not contradict the Court's claim construction, it is unlikely that Rorze or its expert will do so. Kawasaki may raise objections to the scope of Rorze's argument and its expert's testimony at trial. For now, Kawasaki's fifth motion *in limine* is denied.

### F.    The Court denies Rorze's first motion *in limine*.

Rorze asks the Court to preclude Kawasaki "from introducing evidence, opinion, and argument regarding the submission of Rorze's invalidity contentions for prosecution of

10

United States District Court
Northern District of California

Kawasaki's Non-Asserted Patents for the issue of obviousness." This motion is denied.

Kawasaki seeks to introduce evidence of the prosecution history of RE671, a non-asserted patent that is a reissue of the same parent patent as the asserted patents and that was issued during this litigation. Before the PTO, Kawasaki submitted Rorze's March 2023 invalidity contentions, which Kawasaki contends are similar to Rorze's invalidity arguments in this case in their reliance on the SEMI E63 standard and Kazunari reference. After indicating that it had reviewed all the documents presented, the PTO examiner rejected the invalidity arguments. And Kawasaki's expert opined in his report that the arguments rejected by the PTO examiner involve claim language that is nearly identical to language in the claims of the assert patents.

Rorze argues that the prosecution history of RE671 has no relevance to the obviousness or invalidity of the asserted patents. The Court has already suggested the opposite, *see* Dkt. No. 263 at 23 (concluding that a genuine dispute of material fact exists as to obviousness based in part on "findings made during prosecution of the RE671 from which a jury could determine that SEMI E63 does not disclose elements [j] and [k]"), and its reasoning has not changed. As the Federal Circuit has explained, the prosecution history of a non-asserted patent derived from the same parent application "applies with equal force to subsequently issued patents that contain the same claim limitation." *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 980 (Fed. Cir. 1999); *see also Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004). And Rorze offers little reason to think that the reverse is not true—that is, that the prosecution of a related, subsequently issued patent would not bear on the validity of its earlier-issued siblings. Cases that do not involve the exclusion of later-issued in-family patents are not to the contrary. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2018 WL 2010621, at *4 (N.D. Cal. Apr. 30, 2018); *MicroVention, Inc. v. Balt USA, LLC*, No. 819CV01335, 2022 WL 18284997, at *6 (C.D. Cal. Dec. 12, 2022); *TecSec v. Adobe Inc.*, No. 1:10-CV-115, 2018 WL 11388472, at *6 (E.D. Va. Nov. 21, 2018).

Rorze's arguments that evidence of RE671's prosecution history would be prejudicial do not withstand scrutiny. First, Rorze argues that the PTO examiner's conclusions as to obviousness might unduly sway the jury. But the Federal Circuit has explained that a factfinder may justifiably

11

rely on a PTO examiner's findings related to prior art. *See Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1101 (Fed. Cir. 2024). Next, Rorze argues that the prosecution history of RE671 is not probative of the asserted patents' obviousness because it contains different claim language. The existence of some differences does not suggest that the PTO examiner's determinations as to shared claim language is irrelevant to the asserted patents' obviousness. And while such differences may decrease the evidentiary value of RE671's prosecution history, that is best addressed through cross-examination. Third, Rorze suggests that the PTO examiner's review of the record before it may have been less than thorough. Yet Rorze has not offered sufficient evidence to overcome the presumption that PTO examiners perform their jobs correctly and that exclusion is therefore proper. *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992). Finally, Rorze argues that RE671's prosecution history should be excluded to avoid the confusion and delay that might result from a mini-trial over the relevance and validity of the PTO examiner's determinations. To the extent such a result is likely, it does not substantially outweigh the significant probative value of RE671's prosecution history.

Accordingly, the Court denies Rorze's first motion *in limine*.

### G.       The Court denies Rorze's second motion *in limine*.

Rorze seeks to exclude all evidence, opinion, and argument regarding the presumption of validity of the asserted patents. Whether to instruct the jury on the presumption of validity is entirely within the Court's discretion. *See Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247, 1258 (Fed. Cir. 2004); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1563–64 (Fed. Cir. 1993). The Court exercises its discretion to instruct the jury on the presumption of validity to clarify the reasons for Rorze's burden to demonstrate invalidity by clear and convincing evidence. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. C-08-05129 JCS, 2011 WL 4079223, at \*10 (N.D. Cal. Sept. 12, 2011); *Donnelly v. Gentex*, 918 F. Supp. 1126, 1131 (W.D. Mich. 1996). Rorze's second motion *in limine* is denied.

### H.       The Court denies as moot Rorze's third motion *in limine*.

Rorze seeks to preclude Kawasaki "from introducing evidence, opinion, and argument disclosing the contents of certain of the Court's previous Orders addressing summary judgment

12

United States District Court
Northern District of California

arguments and the parties' experts." At the pretrial conference, the parties agreed to seek the Court's permission prior to introducing any court order at trial. The Court therefore denies Rorze's third motion *in limine* as moot.

### I.    The Court grants in part and denies in part Rorze's fourth motion *in limine*.

Rorze asks the Court to provide the jury with a claim construction that reflects the Court's analysis of the RIRR claim limitation at summary judgment. Rorze also requests permission to raise new arguments and evidence relating to the claim construction clarified by the Court's summary judgment order. The first request is granted; the second is denied.

As explained above, Rorze argued at summary judgment that the load port rear cover of the accused products constituted the interior surface of the front wall for purposes of the RIRR claim limitation. The Court rejected that argument because, as was already apparent from the Court's earlier claim construction, the front wall must extend the full height of the interface space so as to partition it from the exterior space and ensure that the width of the interface space (the length B) is a consistent measurement no matter the height at which it is measured. Because the load port rear cover does not reach the top or bottom of the interface space, the Court reasoned, it neither partitions that space from the exterior space nor lies a consistent distance from the rear wall.

Rorze now asks the Court to provide the jury with a claim construction reflecting the Court's reasoning in its summary judgment order—i.e., to instruct the jury that the front wall must (1) fully partition the interface space from the exterior space and (2) extend the full height of the interface space so that the length B is a single, consistent measurement between the front and rear walls at all heights. The Court agrees that such an instruction is appropriate. Rorze's proposed claim-construction language accurately captures the Court's reasoning in the summary judgment order, which in turn reflects and clarifies the Court's claim construction. There is therefore no risk that such an instruction would cause prejudice. Declining to provide this clarifying language to the jury could cause prejudice, however, by enabling arguments that structures that do not fully enclose the interface space from the exterior space are the front wall, which would not comport with the Court's claim construction. Indeed, Kawasaki indicated at the pretrial conference that it intends to make just such an argument, making a clarifying instruction all the more necessary.

13

Rorze also asks that it be permitted to introduce never-before-disclosed arguments and evidence about non-infringement at trial. The Court denies this request. Courts generally do not permit parties to raise new theories so late in the day. *See, e.g.*, *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2022 WL 20403763, at *3-5 (N.D. Cal. May 3, 2022); *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1002-05 (N.D. Cal. 2019). Rorze argues that an exception is warranted here because it failed to raise these arguments earlier due only to its misunderstanding of the Court's claim construction. But Rorze cites no authority suggesting that a party's mistaken understanding of a patent's scope or a court's claim construction justifies allowing belated introduction of new theories of non-infringement. And even were Rorze's initial misunderstanding justified, that does not explain its failure to disclose its new non-infringement theories in the seven months since the Court's summary-judgment order. There is no basis to allow Rorze to shift its position on the eve of trial and thereby "ambush" Kawasaki. *See Toyo Tire Corp. v. Atturo Tire Corp.*, No. 2022-1817, 2024 WL 4404358, at *4-7 (Fed. Cir. Oct. 4, 2024).[1] For similar reasons, the Court denies Kawasaki's oral request at the pretrial conference to introduce previously undisclosed arguments and evidence relating to the RIRR limitation.[2]

The Court grants Rorze's fourth motion *in limine* only to the extent it seeks a jury instruction that includes the Court's clarifications in its summary-judgment order of its claims construction.

### III.    Proposed Jury Instructions and Verdict Forms

The parties dispute the language to be used in several of the jury instructions and verdict forms. Concurrent with this order, the Court files tentative jury instructions and a tentative verdict form.

_____

[1] Rorze may still assert arguments already raised at summary judgment, such as its expert's argument that Kawasaki has failed to identify any "front wall" because the BOLTS plane does not fully enclose the interface space.

[2] Should the parties agree that permitting evidence regarding nondisclosed theories of infringement or non-infringement is warranted given the Court's decision to include the clarifications of its claims construction in the jury instructions, they may so stipulate. The Court will promptly address any such stipulation.

United States District Court
Northern District of California

Any objections to the tentative jury instructions and verdict forms shall be filed by no later than February 20, 2026. The parties shall not object to a tentative instruction on a basis that the Court has already rejected unless (1) the Court indicated at the pretrial conference that it would revisit such instructions upon request, (2) binding authority suggests that the Court's tentative instruction is contrary to law, or (3) the evidentiary basis for the Court's tentative instruction has materially changed since the pretrial conference. As the Court noted at the pretrial conference, the parties will have a final opportunity to request changes to the jury instructions and verdict form at the charging conference following the close of evidence.

## IV.     Sealing Requests

In connection with their pretrial filings, the parties filed several administrative motions to seal. Pursuant to this Court's order, Dkt. No. 321, the parties filed a joint motion consolidating their sealing requests. The "compelling reasons standard" governs the parties' sealing requests. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Insofar as Rorze seeks in the consolidated motion to redact information contained in the parties' motions *in limine* (i.e., Exhibits A, D, and I to the consolidated sealing motion), its request is denied. "Only in rare circumstances should a party seek to file portions of a … brief under seal." Civ. L.R. 79-5(e). Rorze has not demonstrated that this is one of those rare circumstances. It offers only vague and conclusory assertions that the information it seeks to redact in Kawasaki's motions would cause competitive harms or reveal confidential information. *See In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025) ("[V]ague references to competitive harms … provide the Court with an inadequate explanation of how public dissemination of the specific material it seeks to seal would harm its competitive standing.") The parties are ordered to file unredacted versions of the motions *in limine* on the public docket within 14 days of this order.

Rorze also requests to redact information contained in the parties' joint pretrial statement (Exhibit P to the consolidated sealing motion). The proposed redactions are narrow in scope and protect confidential information concerning the identity of a major Rorze customer and the products sold to that customer. Rorze argues that such information about a major customer and

15

United States District Court
Northern District of California

source of sales is of significant value to its competitors, yet of little interest to the public. *See MasterObjects, Inc. v. Amazon.com*, No. 20-cv-08103, 2022 WL 4074653, *1 (N.D. Cal. Sept. 5, 2022). Upon review, the Court is satisfied that compelling reasons exist to seal this information. *See In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal … customer information … that could harm a party's competitive standing") (citation modified). Rorze's request to seal portions of the joint pretrial statement is therefore granted.

The parties' requests to fully seal certain exhibits to the briefing on the parties' motions *in limine* (i.e., Exhibits B, C, E, F, G, H, J, K, L, M, N, and O to the consolidated sealing motion) are denied without prejudice on the basis of their overbreadth. Any renewed motion must comply with Local Rule 79-5(a), which requires parties to "minimize the number of documents under seal" and to avoid sealing documents in their entirety. "[O]verly broad requests to seal may result in the denial of the motion." Civ. L. R. 79-5(f)(6). Each party may file a consolidated, narrowly tailored sealing motion addressing the exhibits to the briefing on the motions *in limine* within 14 days of this order. Failure to limit proposed redactions to genuinely sensitive information will result in denial of the sealing requests and an order that all exhibits be filed on the public docket.

**IT IS SO ORDERED.**

Dated: February 13, 2026

P. Casey Pitts
United States District Judge

16